J-S36011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHONTEE LATHAM | |
| Appellant | No. 1360 WDA 2014 |

Appeal from the PCRA Order July 14, 2014
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0001266-2008

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 16, 2015**

Appellant, Shontee Latham, appeals *pro se* from the PCRA order entered July 14, 2014, by the Court of Common Pleas of Lawrence County. We remand with instructions for the PCRA court to conduct a ***Grazier***[1] hearing and an on-the-record colloquy to confirm Latham's desire to proceed *pro se*.

On April 23, 2010, a jury convicted Latham of firearms not to be carried without a license, possession of a firearm prohibited, recklessly endangering another person, and terroristic threats.  On August 6, 2010, the trial court sentenced Latham to five to ten years' imprisonment.  This Court affirmed Latham's judgment of sentence on appeal.  ***See Commonwealth***

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

*v. Latham*, 60 WDA 2011 (Pa. Super., filed Oct. 18, 2011) (mem. op.). Latham did not seek allocatur with the Pennsylvania Supreme Court.

Latham filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Latham as a first time, indigent PCRA petitioner. Subsequently, on March 19, 2013, Latham filed a *pro se* Motion to Dismiss Counsel and Proceed Pro Se, expressing dissatisfaction with his court-appointed counsel. The PCRA court scheduled a hearing on Latham's motion for June 7, 2013; however, the hearing was continued several times at Latham's request. The PCRA court finally conducted a hearing on January 31, 2014. At the outset of the hearing, the following brief exchange occurred:

> THE COURT: We're here for a hearing on the motion for post-conviction collateral relief that the Defendant has filed. The Defendant has indicated that he wished to proceed pro se, and, Mr. Latham, I take it that's still your desire, to proceed pro se?
>
> MR. LATHAM: Yes, sir.
>
> THE COURT: Okay. Very well. You may proceed.

PCRA Hearing, 1/31/14 at 3.

There is no indication that appointed counsel properly withdrew her representation pursuant to **Commonwealth v. Turner,** 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley,** 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Latham proceeded to represent himself throughout the hearing, at the conclusion of which the court denied his PCRA petition. This timely *pro se* appeal followed.

We must first determine whether the PCRA court adequately advised Latham of his right to counsel and confirmed his desire to proceed *pro se*. In **Commonwealth v. Robinson**, 970 A.2d 455 (Pa. Super. 2009), an *en banc* panel of this Court determined that "[r]egardless of how unambiguous a defendant's [desire to proceed *pro se*] may be, without a colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training. Thus, a defendant cannot 'knowingly, voluntarily, and intelligently' waive counsel until informed of the full ramifications associated with self-representation." **Id**. at 460 (citation omitted). The *en banc* panel held that a waiver "colloquy *must* be held by the PCRA court of its own accord … once the defendant has expressed a desire to proceed *pro se* as long as PCRA counsel has not properly withdrawn by complying with the dictates of **Turner/Finley**." **Id**.

Instantly, appointed counsel did not properly withdraw and the record is devoid of any indication that the PCRA court conducted a **Grazier** colloquy before permitting Latham to proceed *pro se*. Accordingly, we remand for an on-the-record **Grazier** colloquy, during which the court shall inform Latham "that he not only has a right to have counsel on appeal, but that he was also entitled to a counseled amended petition and representation before the PCRA court." **Commonwealth v. Figueroa**, 29 A.3d 1177, 1182 (Pa. Super. 2011).

Should Latham decide that he does not wish to continue representing himself, the PCRA court shall in its discretion either reinstate previously-appointed counsel or appoint new counsel. If counsel is appointed, counsel must enter his or her appearance and *promptly* request that this Court vacate the PCRA order so that an amended petition may be filed below, in which case we will relinquish jurisdiction. If Latham decides to proceed *pro se*, the PCRA court shall *promptly* inform this Court so that we may address this appeal on the merits.

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.