J-A14043-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
EDWIN R. VASQUEZ-SANTANA, :
:
Appellant : No. 1735 MDA 2014

Appeal from the PCRA Order Entered September 15, 2014,
in the Court of Common Pleas of Lebanon County,
Criminal Division at No.: CP-38-CR-0000640-2013

BEFORE: BENDER, P.J.E., JENKINS and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JULY 17, 2015**

Edwin R. Vasquez-Santana (Appellant) appeals from the order entered September 15, 2014, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we vacate the PCRA court's order and remand for further proceedings.

On July 25, 2013, Appellant entered a negotiated guilty plea to two counts of robbery and three counts of simple assault. On September 4, 2013, Appellant was sentenced to an aggregate five to ten years' imprisonment, which included a mandatory term of five to ten years' imprisonment imposed pursuant to 42 Pa.C.S. § 9712. Appellant did not file post-sentence motions or a direct appeal.

On July 17, 2014, Appellant *pro se* timely filed a PCRA petition, which was largely predicated upon the United States Supreme Court's decision in

---

* Retired Senior Judge assigned to the Superior Court.

***Alleyne v. United States***, 133 S.Ct. 2151 (2013), and its effect on the imposition of the mandatory minimum sentence in this case.[1]  Specifically, Appellant claimed that (1) his plea counsel was ineffective for failing to oppose the mandatory minimum sentence as part of the plea agreement and failing to file a direct appeal, (2) he did not enter his plea knowingly or intelligently, and (3) his sentence was illegal and Section 9712 was facially invalid.  PCRA Petition, 7/17/2014, at 3.  Appellant sought correction of his sentence and "[a]ny other relief the court may deem appropriate in this matter." ***Id.*** at 5.

The PCRA court appointed counsel, who requested transcripts of Appellant's guilty plea and sentencing hearings.  Before counsel took any further action on Appellant's petition, the PCRA court issued an order denying the petition and an opinion in support of that order on September 15, 2014.[2]  In denying Appellant's petition, the PCRA court held that

---

[1] In ***Alleyne***, the Supreme Court held that

> [a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

***Alleyne***, 133 S.Ct. at 2155.  Importantly, ***Alleyne*** was decided on June 17, 2013, prior to the entry of Appellant's guilty plea and sentencing.

[2] The PCRA court issued its order and opinion following receipt of the Commonwealth's response to Appellant's petition, and the PCRA court did so without holding a hearing or issuing proper notice of its intent to dismiss the

"***Alleyne*** does not apply to sentences imposed pursuant to a plea of guilty."
PCRA Court Opinion, 9/15/2014, at 2. Moreover, the PCRA court reasoned
that ***Alleyne*** did not apply retroactively in the context of a PCRA petition to
defendants who were sentenced pursuant to a guilty plea.[3] ***Id.*** at 8.

Notwithstanding the fact that he was still represented by counsel,
Appellant *pro se* timely filed a notice of appeal.[4] On October 14, 2014, the

---

petition without a hearing pursuant to Pa.R.Crim.P. 907. Instead, in its
opinion, the PCRA court stated that "[b]ecause a hearing in the above-
referenced case[] would have no purpose, we will be rejecting [Appellant's]
PCRA petition[] without affording a factual hearing. An order to do this will
be entered [on] today's date." PCRA Court Opinion, 9/15/2014, at 9
(unnecessary capitalization omitted).

[3] The PCRA court observed that Appellant had not challenged the
voluntariness of his plea, nor had he challenged the imposition of the
mandatory minimum sentence when he pled guilty or when he was
sentenced. PCRA Court Opinion, 9/15/2014, at 6, 8-9. Nevertheless, the
PCRA court explained, "we recognize that PCRA petitions can still be filed to
challenge the underlying competency of a lawyer who represented the
defendant at the time of the plea. Our approach to those cases will not
change." ***Id.*** at 8 (unnecessary capitalization omitted).

The PCRA court's observations in this regard are curious, as
Appellant's petition did include a contention that his plea was not entered
knowingly or intelligently. PCRA Petition, 7/17/2014, at 3. Additionally,
although he did not challenge the imposition of the mandatory minimum
sentence prior to filing his PCRA petition, Appellant did raise therein
ineffectiveness claims based upon plea counsel's failure "to argue and
oppose the mandatory minimum as part of the plea agreement" and her
failure to file a direct appeal—claims that the PCRA court did not address.
***Id.***

[4] It appears from a memorandum issued by the clerk of courts, dated
October 10, 2014, that a copy of the notice of appeal was forwarded to PCRA
counsel and the Commonwealth pursuant to Pa.R.Crim.P. 576(a)(4). By
letter of the same date, the clerk of courts/prothonotary returned Appellant's
notice of appeal for his failure to pay the filing fees and directed him to file

PCRA court issued an order to Appellant, not to PCRA counsel, directing that he file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[5]   On October 29, 2014, the court issued an order scheduling a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), for November 17, 2014, as it appeared to the court that Appellant expressed a desire to represent himself on appeal.  Appellant *pro se* filed a 1925(b) statement on November 5, 2014, in which he raised claims that, *inter alia*, PCRA counsel was ineffective for essentially abandoning Appellant, Appellant's guilty plea was unlawfully induced, and the mandatory minimum sentence was imposed improperly. Appellant's 1925(b) Statement, at 1-3.   It does not appear that PCRA counsel or the Commonwealth received Appellant's 1925(b) statement from Appellant or the clerk of courts.

On November 6, 2014, the PCRA court issued an order stating that "it appear[ed] to the court that the issue raised by [Appellant] in his appeal has already been addressed by" its September 15, 2014 opinion.  Order, 11/6/2014 (unnecessary capitalization omitted).  On November 18, 2014, following the **Grazier** hearing, the PCRA court entered an order providing

---

the appropriate *in forma pauperis* motion and order if he could not afford the fees.  On October 23, 2014, Appellant filed a petition to proceed *in forma pauperis*, which the court granted on October 24, 2014.

[5] The docket confirms that, contrary to Pa.R.Crim.P. 114(B)(1), the clerk of courts served the order not on counsel, but on Appellant, although counsel had not withdrawn.

that PCRA counsel shall continue to represent Appellant on appeal. Accordingly, PCRA counsel filed an appellate brief on behalf of Appellant, presenting the following issues: (1) "Whether plea counsel was ineffective for failing to argue [Appellant's] sentence as being illegal in light of the holding in **Alleyne**?," and (2) "Whether [Appellant's] plea was unknowingly, involuntarily, and/or unintelligently made?" Appellant's Brief at 4.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Upon review, we observe that Appellant filed his notice of appeal and 1925(b) statement while still represented by counsel. Generally, our courts will not entertain *pro se* filings while an appellant remains represented, and such filings have been described as legal nullities. **See, e.g., Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (holding *pro se* 1925(b) statement filed by an appellant who was represented by counsel on appeal was a legal nullity). Notwithstanding this observation, we decline to deny Appellant relief on this basis in light of the repeated breakdowns in the court processes and other procedural irregularities that are present in this case and outlined in detail above.[6]

---

[6] Moreover, *pro se* notices of appeal present a special case. In **Commonwealth v. Cooper**, 27 A.3d 994 (Pa. 2011), our Supreme Court held that a *pro se* notice of appeal, filed while Cooper was represented by

- 5 -

In particular, we point out the PCRA court's failure to issue proper notice of its intent to dismiss Appellant's petition without a hearing, send its order directing the filing of a 1925(b) statement to PCRA counsel, and address adequately all of the issues properly presented by Appellant throughout these proceedings. Furthermore, irrespective of fault, PCRA counsel's apparent lack of participation with respect to Appellant's PCRA petition and subsequent appeal is similarly troubling. **See Robinson**, 970 A.2d at 457 ("Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process.").

Given the particular circumstances of this case, we conclude that the interests of justice require us to allow Appellant the opportunity to have his PCRA petition addressed pursuant to the proper procedures. Accordingly, we vacate the PCRA court's order denying Appellant's PCRA petition and

counsel, was not automatically a legal nullity, but was simply "premature." **Id.** at 1007. Additionally, this Court and our Supreme Court have faced *pro se* notices of appeal filed by represented appellants both before and after **Cooper**, and we have not considered this defect to be fatal. **See, e.g., Commonwealth v. Wilson**, 67 A.3d 736, 738 (Pa. 2013) (explaining that "[Wilson] filed a *pro se* notice of appeal; it is not clear why his court-appointed counsel did not file the notice," and proceeding to review the merits of Wilson's case without further discussion); **Commonwealth v. Robinson**, 970 A.2d 455, 457, 460 (Pa. Super. 2009) (remanding for a **Grazier** hearing where, after the denial of Robinson's counseled petition pursuant to the PCRA, Robinson filed a timely *pro se* appeal, then a petition requesting that he be allowed to proceed *pro se*, and the PCRA court entered an order permitting counsel to withdraw). Thus, we will not treat Appellant's *pro se* notice of appeal as a nullity.

- 6 -

remand the case for PCRA counsel to file an amended petition on Appellant's behalf.[7]

Order vacated. Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015

---

[7] As stated previously, the PCRA court concluded that **Alleyne** does not apply to Appellant's case because he entered a guilty plea and **Alleyne** does not apply retroactively in the context of a PCRA petition.  We observe that, in following **Alleyne**, this Court has held that section 9712 is unconstitutional in its entirety. **Commonwealth v. Valentine**, 101 A.3d 801, 812 (Pa. Super. 2014); **see also Commonwealth v. Hopkins**, ___ A.3d ___, 2015 WL _____ (Pa. 2015) (holding that 18 Pa.C.S. § 6317 is unconstitutional and that severance of the unoffending provisions of the mandatory minimum sentencing statute was not permissible).  Because section 9712 is unconstitutional in its entirety, **any** sentence imposed pursuant to that section is illegal and must be vacated, as no statutory authority exists authorizing the imposition of the mandatory minimum sentence set forth therein. **Commonwealth v. Fennell**, 105 A.3d 13, 15, 20 (Pa. Super. 2014) (explaining that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction" and holding that a defendant's stipulation to the fact that resulted in the imposition of a mandatory minimum sentence did not satisfy the dictates of **Alleyne**).

Moreover, because **Alleyne** was the law when Appellant pled guilty and was sentenced, there is no issue regarding whether its holding should apply retroactively to his case.