J-S65033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWIN JAVIER GUZMAN, JR., | |
| Appellant | No. 267 WDA 2016 |

Appeal from the PCRA Order January 6, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000461-2010

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:          FILED: December 7, 2016

Appellant, Edwin Javier Guzman, Jr., appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We remand.

We provide the following relevant procedural background.  This case returns to us after remand.  On September 14, 2015, Appellant filed a *pro se* "Petition to Correct Illegal Sentence Pursuant to the Court's Inherent Jurisdiction to Correct," which the court properly treated as a first PCRA petition.  The court appointed PCRA counsel, who filed a supplemental petition on October 20, 2015.  On December 10, 2015, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing.

_____

[*] Retired Senior Judge assigned to the Superior Court.

*See* Pa.R.Crim.P. 907(1). Appellant did not respond, and the court dismissed the petition as untimely on January 6, 2016. On February 2, 2016, Appellant filed a timely *pro se* notice of appeal, although the docket and the record indicated that he was still represented by PCRA counsel.

On August 23, 2016, this Court remanded this matter to the PCRA court for it to conduct a ***Grazier***[1] hearing to determine if Appellant had knowingly, intelligently, and voluntarily waived his right to counsel. After conducting the hearing, the court determined that Appellant did not intend to waive his right to counsel, and assigned new PCRA counsel to represent him in this appeal. (***See*** Order, 9/30/16). On October 6, 2016, new counsel filed an amended statement of errors complained of on appeal pursuant to the PCRA court's order. ***See*** Pa.R.A.P. 1925(b).[2] On October 13, 2016, this Court received the certified record. However, counsel has failed either to file an advocate's brief or to proceed under ***Turner/Finley***.[3] ***See*** Pa.R.A.P. 2185(a)(1) (appellate brief shall be filed "within [forty] days after the date on which the record is filed.").

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[2] The PCRA court filed an amended Rule 1925(a) opinion in which it relied on the reasons stated in its December 10, 2015 notice to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907(1). ***See*** Pa.R.A.P. 1925(a).

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Accordingly, we remand this case for the PCRA court to conduct a hearing to determine if appointed counsel has abandoned Appellant, and to take whatever steps it deems necessary or appropriate to ensure that Appellant has the "representation of counsel for purposes of litigating [his] first PCRA petition through the entire appellate process." *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (citations omitted) (emphasis added); *see also* Pa.R.Crim.P. 904(C).

Case remanded for proceedings consistent with this decision. Panel jurisdiction retained.