J-S85019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID STOKES :
:
Appellant : No. 3189 EDA 2015

Appeal from the PCRA Order October 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002599-2010

BEFORE: PANELLA, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY RANSOM, J.: **FILED JANUARY 09, 2017**

David Stokes appeals *pro se* from the order entered October 2, 2015, dismissing his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In October 2011, a jury convicted Appellant of murder in the first degree, violating the Uniform Firearms Act ("VUFA"), and aggravated assault.[1] Appellant was subsequently sentenced to a mandatory sentence of life imprisonment without the possibility of parole for first-degree murder, followed by a consecutive sentence of ten to twenty years for aggravated assault. Appellant's sentence of three and one half to seven years' incarceration for VUFA was run concurrently with his sentence for aggravated assault. This Court affirmed the judgment of sentence on direct

_____

[1] 18 Pa.C.S. §§ 2502(a), 6105, 2702, respectively.

appeal, and the Supreme Court denied Appellant's petition for allowance of appeal. **Commonwealth v. Stokes**, 78 A.3d 644 (Pa. Super. 2013), *appeal denied,* 89 A.3d 661 (Pa. 2013).

On October 17, 2013, Appellant timely filed a PCRA petition, and counsel was appointed. In May of 2015, counsel submitted a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In August 2015, Appellant filed a motion to waive counsel.

In August 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. In September 2015, Appellant *pro se* filed a response to the Rule 907 letter. On October 2, 2015, the court dismissed Appellant's petition and granted appointed counsel's petition to withdraw.

Appellant then filed the instant timely appeal and thereafter filed a court-ordered 1925(b) statement. The PCRA court issued a responsive statement.

Appellant raises the following issue:

The lower court abused [its] discretion when it dismissed the PCRA petition, without conducting a **Grazier** hearing as requested by the Petitioner, and as verified by the criminal docket in this case.

Appellant's Brief at 1.

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the

evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

Appellant relies on ***Faretta v. California***[2] to support his assertion that the trial court erred in failing to conduct a ***Grazier***[3] hearing. Appellant's Brief at 3. However, Appellant's reliance on ***Faretta*** is misplaced. This court agrees that "in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn, a [***Grazier***] hearing must be held." ***Commonwealth v. Robinson***, 970 A.2d 455, 456 (Pa. Super. 2009). However, a ***Grazier*** hearing is only required in instances when a defendant seeks self-representation and counsel has not properly withdrawn. ***Id.***

In the instant case, counsel filed a "no-merit" letter pursuant to ***Turner/Finley***.

> "The 'no-merit' letter should include a description of the nature and extent of the attorney's review, a list of the issues that the

---

[2] ***Faretta v. California***, 95 S. Ct. 2525 (1975) (holding that the right to proceed *pro se* is guaranteed so long as the defendant understands the nature of his choice.)

[3] ***Commonwealth v. Grazier***, 713 A.2d A.2d 81, 82 (Pa. 1998) (requiring a colloquy to determine if the petitioner was knowingly, intelligently, and voluntarily relinquishing his right to counsel).

> PCRA petitioner wishes to have reviewed, and an explanation of why the issues lack merit."

*Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003). Furthermore, counsel must also notify the Appellant that counsel is filing a petition to withdraw and provide him with a copy of the petition, as well as inform the Appellant of his right to retain counsel, proceed *pro se*, and/or file a supplemental brief. *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016).

Upon review of the record, appointed counsel followed the proper procedure for withdrawing under *Turner/Finley*. On May 1, 2015, appointed counsel filed a *Finley* letter along with a motion to withdraw. A copy of the letter was sent to Appellant advising him that he must proceed with privately retained counsel or proceed *pro se*. *See generally* Motion to Withdraw as Counsel, 5/1/15. Three months *after* receiving the "no merit" letter, Appellant filed a motion to waive counsel. *See* Waiver of Counsel, 8/5/15. A *Grazier* hearing was not required, as counsel's request to withdraw was granted. When the PCRA court granted appointed counsel's request to withdraw, Appellant received the same relief that he requested through a *Grazier* hearing. As Appellant was permitted to proceed *pro se,* a *Grazier* hearing was unnecessary.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/9/2017