J-S78032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DONALD RAYE CHANEY JR. | |
| Appellant | No. 447 WDA 2016 |

Appeal from the PCRA Order February 23, 2016
in the Court of Common Pleas of Erie County Criminal Division
at No(s): CP-25-CR-0000067-2012

BEFORE: BENDER, P.J.E., OTT, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                    **FILED FEBRUARY 15, 2017**

Appellant, Donald Raye Chaney, Jr., appeals *pro se* from the order entered in the Erie County Court of Common Pleas dismissing his first Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends the PCRA court disregarded the prisoner mailbox rule and Pa.R.Crim.P. 907 by not granting his timely filed *pro se* motion for extension of time to object to the PCRA court's Rule 907 notice. He also asserts trial counsel's ineffectiveness for not cross-examining two Commonwealth witnesses who Appellant contends were paid for their false testimony. We vacate and remand with instructions.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

The relevant facts and procedural history of this case are as follows. A jury convicted Appellant on November 13, 2012, of simple assault,[2] possessing an instrument of crime,[3] and two counts of aggravated assault.[4] On January 3, 2013, the court sentenced Appellant to an aggregate sentence of six-and-one-half to thirteen years' imprisonment. This Court affirmed Appellant's judgment of sentence on March 7, 2014. **See Commonwealth v. Chaney**, 492 WDA 2013 (Pa. Super. Mar. 7, 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal.

Appellant timely filed a *pro se* PCRA petition on March 18, 2015. The PCRA court appointed counsel, who filed a petition to withdraw and a **Turner**/**Finley**[5] "no merit" letter on June 10, 2015. On January 27, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing after February 16, 2016, pursuant to Pa.R.Crim.P. 907.

Appellant submitted a *pro se* motion for extension of time to object to the PCRA court's Rule 907 notice on February 13, 2016.[6] Appellant also

---

[2] 18 Pa.C.S. § 2701(a)(1).

[3] 18 Pa.C.S. § 907(a).

[4] 18 Pa.C.S. § 2702(a)(1), (4).

[5] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[6] **See generally Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule). As set forth below, the PCRA court did not address the applicability of the prisoner mailbox rule.

included a cash slip dated February 13, 2016, and an envelope with a postmark of February 16, 2016.

On February 23, 2016, the PCRA court dismissed Appellant's petition. The PCRA court's order also directed that Appellant's *pro se* motion for extension of time be forwarded to PCRA counsel and added the following in a footnote:

> On February 19, 2016, this [c]ourt received a *Pro Se* Motion for Extension of Time to File Objection to Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim.P.907. The [c]ourt cannot accept hybrid filings. **See Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. Super. 2011). Moreover, the filing is late pursuant . . . to the Notice of Intent to Dismiss of January 27, 2016[.] Objections to the Notice were due within 20 days, that is . . . by February 16, 2016. Even if the Motion was not a hybrid filing, and the Motion had been filed before the deadline for filing Objections, the Motion would have been denied.

Order, 2/23/16, at 1 n.1 (unpaginated).

On March 22, 2016, Appellant filed a *pro se* notice of appeal. The following day, the PCRA court forwarded Appellant's *pro se* notice of appeal to counsel, as the PCRA court had not granted counsel's petition to withdraw. On March 23, 2016, the PCRA court also ordered that counsel "and/or" Appellant comply with Pa.R.A.P. 1925(b), and served the order on both counsel and Appellant. On April 1, 2016,[7] Appellant filed a *pro se*

---

[7] **See Wilson**, 911 A.2d at 944 n.2. The certificate of service reflects service by mail on March 22, 2016. The court docketed the notice on April 1, 2016.

"notice," contending, *inter alia*, that the PCRA court failed to apply the prisoner mailbox rule when it held his motion was filed late. Notice, 4/1/16, at 1. The following day, Appellant filed a *pro se* document titled "Waiver of Counsel," in which he purported to waive his right to counsel. Appellant subsequently filed his timely Rule 1925(b) statement *pro se* on April 7, 2016.[8]

On April 28, 2016, the PCRA court filed its Rule 1925(a) opinion, which asserted that PCRA counsel's petition to withdraw was denied by operation of law. PCRA Ct. Op., 4/28/16, at 1. The PCRA court's opinion cited no legal authority in support of its assertion.

Appellant filed a *pro se* appellate brief raising the following issues:

> Whether the trial court erred in ruling that [Appellant's] motion for extension of time to file a[n] objection to the no merit letter of appointed counsel and order of the court to dismiss PCRA as not timely filed when the court ruled the motion was filed late and [did] not recogniz[e] the inmate mail box rule.
>
> Whether the trial court erred in ruling [Appellant's] motion for extension of time was file[d] as [a] hybrid filing when appointed counsel notified [Appellant] to proceed *pro se* or to hire counsel and forwarded [Appellant] a copy of the motion to withdraw as counsel.
>
> Whether trial counsel was ineffective for not calling state witnesses for [their] receiving of payment for [their] testimony.

---

[8] The court also docketed an identical copy of Appellant's *pro se* statement on April 12, 2016.

Appellant's Brief at 8 (some capitalization and punctuation removed).

As a prefatory matter, we address the status of Appellant's legal representation. "[A] criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (citations omitted). Furthermore, "a criminal defendant has a constitutional right to represent himself[.]" *Id.* "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Id.* (citations and quotation marks omitted). *See Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998) (requiring on-the-record determination of whether waiver of counsel was knowing, intelligent, and voluntary). However, "mere execution of a waiver of counsel form, without more, is insufficient to establish valid waiver." *Commonwealth v. Brady*, 741 A.2d 758, 762 (Pa. Super. 1999) (citations omitted).

In *Robinson*, the appellant filed a timely, first PCRA petition. *Id.* The PCRA court appointed counsel who filed a supplemental petition and represented the appellant at the evidentiary hearing. *Id.* After the appellant's PCRA petition was denied, he filed a *pro se* appeal, followed by a petition expressing his desire to proceed *pro se* and requesting a waiver colloquy. *Id.* Rather than conduct the colloquy, however, the PCRA court

filed an order permitting counsel to withdraw when counsel neither petitioned for withdrawal nor filed a **Turner**/**Finley** letter. **Id.**

On appeal, this Court *en banc* held that "in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn, a [**Grazier**] hearing must be held." **Id.** at 456. The right to counsel during the litigation of a first PCRA petition is particularly important because it "may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost." **Id.** at 458-59.

Here, PCRA counsel filed a petition to withdraw and a "no merit" letter on June 10, 2015. Rather than address counsel's motion, the PCRA court issued Rule 907 notice on January 27, 2016. Believing he was no longer represented by PCRA counsel, Appellant filed a *pro se* motion requesting an extension of time to file an objection to the PCRA court's Rule 907 notice. This motion was timely filed on February 13, 2016, pursuant to the prisoner mailbox rule. **See Wilson**, 911 A.2d at 944 n.2. On February 23, 2016, the PCRA court dismissed Appellant's PCRA petition. Having disregarded the prisoner mailbox rule and counsel's petition to withdraw, the court also deemed Appellant's *pro se* motion requesting an extension of time to be an untimely hybrid filing. **See** Order at 1 n.1 (unpaginated). Acting *pro se*, Appellant timely filed a notice of appeal and complied with the PCRA court's

Rule 1925(b) order. Thereafter, on April 12, 2016, Appellant filed a *pro se* waiver of counsel, which indicated he was doing so knowingly, intelligently, and voluntarily. **See** Waiver of Counsel, filed 4/12/16.

Nevertheless, this averment by itself is insufficient to establish a waiver of Appellant's right to counsel, and the PCRA court furthermore failed to conduct a **Grazier** hearing. **See Robinson**, 970 A.2d at 457; **Brady**, 741 A.2d at 762. Moreover, rather than explicitly disposing of counsel's petition to withdraw, the PCRA court made an unsubstantiated claim that the petition was denied by operation of law. **See** PCRA Ct. Op. at 1. However, there is no evidence in the record that PCRA counsel's petition to withdraw from representation was ever addressed. Therefore, even though PCRA counsel remains counsel of record, the PCRA court's oversight deprived Appellant of his right to representation throughout the **entire** litigation of his first PCRA petition. **See Robinson**, 970 A.2d at 457.

Accordingly, we are constrained to vacate the dismissal of Appellant's PCRA petition and remand for the PCRA court to appoint new counsel or conduct a **Grazier** hearing so that Appellant may respond to the PCRA court's Rule 907 notice. **See Robinson**, 970 A.2d at 460 (stating "[i]f [a]ppellant retracts his desire to act as his own counsel, new counsel must be appointed. Once the appropriate proceedings are conducted, the order denying PCRA relief can be reinstated, and [a]ppellant, or his counsel, can file an appeal.").

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017