J-S18042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DWAYNE HENRY | |
| Appellant | No. 165 EDA 2016 |

Appeal from the PCRA Order December 4, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0805831-2004

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.: **FILED MARCH 23, 2017**

Appellant, Dwayne Henry, appeals from an order dismissing his first petition[1] for relief under the Post Conviction Relief Act ("PCRA").[2] We remand this case for the PCRA court to conduct a hearing in accordance with *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

The PCRA court recounts the factual and procedural history of this case as follows:

> On June 22, 2004, at approximately 11:30 p.m., Appellant . . . and another man, robbed William Sizemore at the point of a shotgun and struck him in his face. Appellant was arrested shortly thereafter.

---

[*] Former Justice specially assigned to the Superior Court.

[1] As discussed below, Appellant timely filed his first petition in 2009 and amended it four times between 2009 and 2015.

[2] 42 Pa.C.S. §§ 9541-9546.

On October 24, 2006, a jury trial commenced before the Honorable Joseph A. Dych. Appellant was represented by Troy Wilson, Esquire. On October 25, 2006, the jury found Appellant guilty of robbery, possession of an instrument of crime, and criminal conspiracy. On February 9, 2007, Appellant was sentenced to seven and one-half . . . to fifteen . . . years' imprisonment.

On February 22, 2007, Appellant appealed to the Superior Court, arguing that his sentence was excessive. On August 7, 2008, the Superior Court affirmed the [t]rial [c]ourt's judgment of sentence. Our Supreme Court denied Appellant's Petition for Allowance of Appeal on April 15, 2009.

On June 15, 2009, Appellant filed a *pro se* PCRA Petition. John Cotter, Esquire, was subsequently appointed to represent Appellant. Mr. Cotter filed an Amended PCRA Petition on February 4, 2010; he filed a Supplemental Amended PCRA Petition on July 12, 2010. On June 15, 2011, Appellant filed a *pro se* "Motion to Waive Counsel And Proceed *Pro Se* Due to Ineffectiveness And Dishonesty." On September 15, 2011, this [c]ourt dismissed Appellant's PCRA Petition and permitted Mr. Cotter to withdraw as counsel.

On October 13, 2011, Appellant filed a *pro se* [n]otice of [a]ppeal to the Superior Court from this Court's dismissal of his PCRA Petition. On November 23, 2011, Appellant filed a *pro se* [m]otion for [a]ppointment of [c]ounsel with the Superior Court. On July 24, 2012, the Superior Court remanded with instructions; it directed this [c]ourt to conduct a ***Grazier*** hearing to determine whether Appellant wanted new counsel appointed to assist with his claims of PCRA counsel's ineffectiveness. On January 15, 2014, a ***Grazier*** hearing was conducted, during which Appellant unequivocally stated that he wanted Mark Mungello, Esquire, who had been previously appointed by this [c]ourt, to represent him in the PCRA matter.

Mr. Mungello filed a Third Amended PCRA Petition on behalf of Appellant on February 21, 2014. Appellant subsequently advised Mr. Mungello that the issues raised in this [p]etition were not precisely correct. He asked Mr.

- 2 -

Mungello to file a Fourth Amended PCRA Petition to include all issues Appellant wished to raise. Per Appellant's request, Mr. Mungello filed a Fourth Amended PCRA Petition on June 25, 2015. The Commonwealth filed a Motion to Dismiss on September 27, 2015; this Court granted the Commonwealth's Motion on October 30, 2015 and issued a Pa.R.Crim.P. 907 notice. Appellant's Fourth Amended PCRA Petition was formally dismissed on December 4, 2015.[3]

On December 7, 2015, Douglas P. Earl, Esquire, was appointed to represent Appellant for purposes of appeal. Despite having counsel of record, Appellant filed a *pro se* [n]otice of [a]ppeal to the Superior Court on January 4, 2016.[4] On January 12, 2016, this Court ordered Appellant to file a [c]oncise [s]tatement of [e]rrors [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. Appellant filed a *pro se* 1925(b) [s]tatement on February 12, 2016, eight days after the specified deadline.

PCRA Ct. Op., 7/19/16, at 1-3. The PCRA court's docket states that (1) on March 17, 2016, Mr. Earl filed a motion to withdraw as counsel for Appellant; and (2) on April 6, 2016, the PCRA court granted Mr. Earl's motion to withdraw without first holding a ***Grazier*** hearing. Neither of these

---

[3] In the same order, the PCRA court dismissed Mr. Mungello as counsel for Appellant.

[4] The Rules of Appellate Procedure provide that the appellant must file his notice of appeal within thirty days after a final order. ***See*** Pa.R.A.P. 903(a). Here, however, the thirtieth day after the dismissal of Appellant's petition, January 3, 2016, fell on a Saturday. Therefore, Appellant timely filed his appeal on Monday, January 4, 2016. ***See*** 1 Pa.C.S. § 1908 (when last day of any period of time referred to in any statute falls on Saturday, Sunday, or legal holiday, such day shall be omitted from computation).

documents are in the certified record, so we cannot tell whether Mr. Earl's letter was a **Turner**/**Finley**[5] "no merit" letter.

Appellant has filed a *pro se* brief and reproduced record in this Court, and the Commonwealth has filed a responsive brief.

The Rules of Criminal Procedure and our case law nevertheless require a full colloquy prior to allowing an appellant to proceed *pro se* if counsel has not filed a **Turner**/**Finley** letter.  **See** Pa.R.Crim.P. 121(A); **Grazier***,* 713 A.2d at 82*;* **Commonwealth v. Robinson***,* 970 A.2d 455, 460 (Pa. Super. 2009) (*en banc*) ("a colloquy [under Pa.R.Crim.P. 121(A)] must be held by the PCRA court of its own accord . . . once the defendant has expressed a desire to proceed *pro se* as long as PCRA counsel has not properly withdrawn by complying with the dictates of **Turner**/**Finley**").  "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Grazier**, 713 A.2d at 82.

Because the PCRA court did not conduct a **Grazier** hearing prior to allowing Mr. Earl to withdraw as appellate PCRA counsel*,* we vacate the PCRA court's April 6, 2016 order and remand to the PCRA court for a **Grazier** hearing as to whether Appellant's decision to proceed *pro se* in this appeal is knowing, intelligent and voluntary.  The PCRA court shall hold the

---

[5] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

***Grazier*** hearing and enter its decision within forty-five days of the date of this order.

April 6, 2016 order vacated. Case remanded for further proceedings in accordance with this memorandum. Panel jurisdiction retained.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017