J-S80019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
                                :
           v.                   :
                                :
                                :
ERIC C. MCCOLLISTER         :
                                :
          Appellant       :     No. 663 EDA 2017

Appeal from the PCRA Order February 2, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s):  CP-46-CR-0002043-2007

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:         **FILED FEBRUARY 27, 2018**

Appellant, Eric C. McCollister, appeals *pro se* from the February 2, 2017 order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We vacate and remand for further proceedings.

On May 2, 2008, a jury convicted Appellant of two counts of robbery, two counts of aggravated assault, and one count each of burglary, criminal trespass, and simple assault.[1]  On December 29, 2008, the trial court sentenced Appellant to an aggregate term of forty years to life imprisonment.  The sentence included a twenty-five-year mandatory minimum sentence imposed pursuant to 42 Pa.C.S. § 9714(a)(2).  On

---

[1] 18 Pa.C.S. §§ 3701, 2702, 3502, 3503, and 2701, respectively.

January 2, 2009, Appellant filed a counseled post-sentence motion that the trial court denied on April 21, 2009. On April 23, 2009, Appellant filed a timely appeal to this Court, and on April 28, 2009, Appellant filed a motion to proceed *pro se*. The trial court held a **Grazier**[2] hearing on October 13, 2009, to determine if Appellant's waiver of counsel was knowing, intelligent, and voluntary. The trial court subsequently granted Appellant's motion and permitted Appellant to represent himself. On August 30, 2010, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. McCollister**, 11 A.3d 1042, 1401 EDA 2009 (Pa. Super. filed August 30, 2010) (unpublished memorandum). Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On January 5, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Attorney Sharon Meisler to represent Appellant, and Attorney Meisler filed an amended PCRA petition on October 26, 2015. On November 24, 2015, the Commonwealth filed a motion to dismiss Appellant's PCRA petition. The PCRA court held a hearing on the Commonwealth's motion to dismiss on March 16, 2016. On April 6, 2016, the PCRA court sent Appellant notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907.

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

In response to the Rule 907 notice, on April 19, 2016, Appellant filed a *pro se* motion for removal of counsel and appointment of new counsel. On June 8, 2016, the PCRA court held a hearing on Appellant's motion. On June 30, 2016, the PCRA court permitted Attorney Meisler to withdraw and appointed Attorney Henry Hilles as Appellant's counsel. The PCRA court allowed Attorney Hilles to file a second amended PCRA petition on October 12, 2016. The Commonwealth filed a motion to dismiss the second amended PCRA petition, and on November 21, 2016, the PCRA court held a hearing. On February 2, 2017, the PCRA court denied Appellant's second amended PCRA petition.

In the time period between November 21, 2016 and February 2, 2017, Appellant filed numerous *pro se* documents seeking the removal of Attorney Hilles as counsel and indicating that he wanted to proceed *pro se* or engage private counsel. *Pro se* document, 12/1/16, at Docket Entry 53; *Pro se* document, 12/5/16, at Docket Entry 54; and *Pro se* document, 2/7/17, at Docket Entry 57. The PCRA court did not act on these requests prior to denying Appellant's second amended PCRA petition. On February 14, 2017, after receiving notice of the denial of his second amended PCRA petition, Appellant filed a *pro se* notice of appeal and statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). That same day, Attorney Hilles filed a petition to withdraw, alleging that Appellant had expressed a desire to represent himself and was critical of Attorney Hilles's representation.

Petition to Withdraw, 2/14/17, at 3-4. However, at no point did Attorney Hilles state that Appellant's PCRA petition had "no merit" or otherwise comply with *Turner/Finley*.[3] Nevertheless, on March 17, 2017, without holding a hearing, the PCRA court permitted Attorney Hilles to withdraw and allowed Appellant to proceed *pro se*.

Although the PCRA court has drafted a thorough Pa.R.A.P. 1925(a) opinion addressing the history of this matter and Appellant's *pro se* appeal, we are constrained to point out that the Pennsylvania Rules of Criminal Procedure and our case law require a colloquy prior to allowing an appellant to proceed *pro se* if counsel has not filed a *Turner/Finley* letter. *See* Pa.R.Crim.P. 121(A); *Grazier*, 713 A.2d at 82; *Commonwealth v. Robinson*, 970 A.2d 455, 460 (Pa. Super. 2009) (*en banc*) (stating that a colloquy must be held by the PCRA court where the defendant seeks to proceed *pro se* if PCRA counsel has not properly withdrawn pursuant to *Turner/Finley*).

Because the PCRA court did not conduct a *Grazier* hearing prior to allowing Attorney Hilles to withdraw as appellate PCRA counsel and as counsel did not file a *Turner/Finely* letter, we vacate the PCRA court's February 2, 2017 order denying Appellant's second amended PCRA petition

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), (setting forth the requirements for counsel seeking to withdraw in collateral proceedings).

and the subsequent March 17, 2017 order permitting Attorney Hilles to withdraw and allowing Appellant to proceed *pro se*. Accordingly, Attorney Hilles remains counsel of record, and we hereby remand this matter to the PCRA court for a ***Grazier*** hearing. At the conclusion of the ***Grazier*** hearing, the PCRA court shall make a determination as to Appellant's decision to waive counsel, enter an order disposing of Appellant's second amended PCRA petition, and apprise the parties of their appellate rights. Any appeal from the PCRA court's forthcoming order disposing of Appellant's second amended PCRA petition shall be filed within thirty days from the date the PCRA court enters its order. Pa.R.A.P. 903.[4]

Orders vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18

---

[4] On December 5, 2017, Appellant filed a *pro se* reply brief, and on December 21, 2017, Appellant filed a *pro se* post-submission motion requesting this Court accept for filing the December 5, 2017 reply brief. In light of our disposition, we DENY Appellant's motion as moot.