COMMONWEALTH of Pennsylvania, Appellee

v.

Marvin Jamine ROBINSON, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 23, 2008.

Filed April 9, 2009.

Marvin J. Robinson, appellant, Pro Se. (Submitted).

Ashley B. Goshert, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

BEFORE: STEVENS, MUSMANNO, KLEIN, BENDER, BOWES, GANTMAN, SHOGAN, FREEDBERG, and CLELAND, JJ.

OPINION BY BOWES, J.:

¶ 1 The issue presented in this case is whether we should remand for a hearing pursuant to *Commonwealth v. Grazier,* 552 Pa. 9, 713 A.2d 81 (1998). We hold that in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn, a hearing must be held. In doing so, we overrule *Commonwealth v. Murray,* 836 A.2d 956 (Pa.Super.2003), to the extent that it indicates that such a hearing is unnecessary. We hereby vacate the denial of PCRA relief and remand.

¶ 2 On June 11, 2002, Appellant, Marvin Jamine Robinson, was convicted of first degree murder, conspiracy, and hindering apprehension due to his participation in the May 27, 2000 shooting death of Marjorie Raymonds. On the day in question, Maria Tate and the victim were walking near Shrub Street in Harrisburg. Ms. Tate witnessed Appellant approach in a car with Appellant's co-defendant, Mark Bennett, in the passenger seat holding a gun. Appellant stopped the vehicle and Bennett exited and shot Ms. Raymonds in the head. Bennett then re-entered the car, which Appellant drove away. Appel-

lant later admitted to police that he was driving the automobile that Bennett exited just prior to shooting Ms. Raymonds and that he left the murder scene with Bennett afterwards.

¶ 3 The Commonwealth also presented evidence that Appellant and Bennett had been close friends for a significant period and that both men dealt drugs. Ms. Tate testified that earlier on the day of the shooting, she had been in a bar with Ms. Raymonds. Bennett gave Ms. Raymonds a quantity of drugs without requiring immediate payment in exchange. At that time, Bennett tapped his gun on the bar, which was a signal that he would shoot the victim if she failed to pay for them.

¶ 4 On August 29, 2002, Appellant was sentenced to life imprisonment. We affirmed the judgment of sentence on August 11, 2003. *Commonwealth v. Robinson,* 833 A.2d 1149 (Pa.Super.2003) (unpublished memorandum). Appellant filed a timely PCRA petition, counsel was appointed, and counsel filed a supplemental petition. On February 21, 2007, following a hearing, the PCRA court denied the PCRA petition. Appellant then filed this timely *pro se* appeal. On March 19, 2007, four days after he filed this appeal, Appellant filed a petition in the trial court expressing a desire to proceed *pro se* and asking that his waiver colloquy be conducted by video conference in order to expedite the matter. That same day, the trial court entered an order permitting counsel to withdraw and Appellant to represent himself. PCRA counsel never sought permission to withdraw, and the dictates of *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*), were not followed before the PCRA court relieved counsel of his responsibility to represent Appellant. A colloquy was never conducted to ascertain that Appellant was making a knowing, voluntary, and intelligent decision to waive counsel.

▬ ¶ 5 Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process. Pa.R.Crim.P. 904(c); *Commonwealth v. White,* 871 A.2d 1291, 1294–95 (Pa.Super.2005); *Commonwealth v. Quail,* 729 A.2d 571, 573 (Pa.Super.1999). In *Commonwealth v. Grazier, supra,* the defendant had filed a post-conviction petition, counsel was appointed, and the petition was denied. The defendant then filed a *pro se* appeal and several petitions to proceed *pro se.* We denied the defendant permission and directed counsel to brief the appeal. After we denied relief, the defendant petitioned our Supreme Court for review and again asked to represent himself.

¶ 6 The Court determined that we had erroneously denied the defendant's petitions seeking self-representation. It noted that a criminal defendant has a constitutional right to represent himself and that since the defendant had tendered a timely and unequivocal request to "conduct his appeal *pro se,* it was error to simply deny the request and refer the matter to counsel." *Id.* at 82. The Court expressly continued, however, "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Id.; see also Commonwealth v. Brown,* 577 Pa. 315, 845 A.2d 199 (2004) (remanding *per curiam* to the trial court to make on-the-record determination that PCRA petitioner's waiver of counsel for first PCRA petition was "knowing, intelligent and voluntary").

¶ 7 In *Commonwealth v. Murray, supra* at 959 n. 1, we held that the counsel-waiver colloquy required under *Grazier* can be dispensed within the PCRA context if a defendant has unequivocally expressed a desire to proceed *pro se* and if the defendant appears to be representing himself adequately. For the following reasons, we conclude that *Murray's* holding in this respect is inconsistent with our Supreme Court's mandates in this area.

¶ 8 In the context of waiver of counsel for purposes of trial proceedings, our Supreme Court has continually stressed the absolute necessity to conduct a colloquy:

> In *Commonwealth v. Tyler*, 468 Pa. 193, 360 A.2d 617 (1976), where we concluded that the trial court committed reversible error by allowing appellant to proceed to trial under his own representation without first conducting a thorough on-the-record colloquy to determine whether he knowingly and understandingly waived his constitutional right to representation by counsel, we stated:
>
>> It is, of course, firmly established that an accused has a constitutional right to representation by counsel during trial. While an accused may waive his constitutional right, such a waiver must be the "free and unconstrained choice of its maker". *Culombe v. Connecticut*, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961), and also must be made knowingly and intelligently, *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). To be a knowing and intelligent waiver [the] defendant must be aware of both the right and of the risks of forfeiting that right. *See Commonwealth v. Barnette*, 445 Pa. 288, 285 A.2d 141 (1971).
>
> 468 Pa. 193, 360 A.2d 617, 620. Furthermore, the presumption must always be against the waiver of a constitutional right. **Nor can waiver be presumed where the record is silent.** The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. Thus, this Court is constitutionally bound to place the burden of proving waiver on the Commonwealth. *Commonwealth v. Norman*, 447 Pa. 217, 221–222, 285 A.2d 523, 526 (1971).

*Commonwealth v. Monica*, 528 Pa. 266, 597 A.2d 600, 603 (1991) (emphasis added); *see also Commonwealth v. Ford*, 715 A.2d 1141 (Pa.Super.1998), *Commonwealth v. Smith*, 426 Pa.Super. 144, 626 A.2d 614 (1993), and *Commonwealth v. Carothers*, 450 Pa.Super. 208, 675 A.2d 734 (1996) (all holding that colloquy must be conducted if defendant asks to act as his own attorney).

¶ 9 More recently, in *Commonwealth v. Davido*, 582 Pa. 52, 868 A.2d 431 (2005), our Supreme Court held that it is incumbent upon the trial court rather than defense counsel to ensure that a proper waiver-of-counsel colloquy is conducted. It expressly stated that "it is up to the trial court, and not counsel, to ensure that a colloquy is performed if the defendant has invoked his right to self representation." *Id.* at 437–38.

¶ 10 While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an

attorney, important rights and defenses may be forever lost.

¶ 11 In *Commonwealth v. Meehan*, 427 Pa.Super. 261, 628 A.2d 1151 (1993), which was specifically cited with approval in our Supreme Court's pronouncement in *Grazier*, we addressed whether the defendant had validly waived his rule-based right to counsel for purposes of a PCRA hearing. The defendant therein complained that he did not actually waive his right to counsel because the waiver colloquy was inadequate in that it did not conform to the requirements of Pa.R.Crim.P. 121, formerly Pa.R.Crim.P. 318, waiver of counsel.

¶ 12 That rule indicates that if a defendant seeks to waive his right to counsel, six areas of inquiry must be explored and explained to the defendant to "ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent[.]" Pa.R.Crim.P. 121(A)(2). In *Meehan*, we noted that some of the precepts regarding waiver of counsel in the trial setting were inapplicable in the PCRA area. We did hold, however, that if a post-conviction waiver of counsel is requested by the defendant, the PCRA court must ascertain that "the defendant understands: (1) his right to be represented by counsel; (2) that if he waived this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted." *Id.* at 1157; *see also Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa.Super.2001). While we concluded that the colloquy conducted therein was sufficient, that case clearly indicates four of the six areas of inquiry contained in Rule 121 apply in the PCRA context.

¶ 13 Pa.R.Crim.P. Rule 121(A)(2) provides:

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

■ ¶ 14 Subsections (b) and (c) are not relevant in the PCRA setting; however, the remainder of concepts examined in Rule 121 clearly impact on whether a defendant understands the full import of his decision to act as his own counsel. Therefore, in accordance with *Meehan* and as required by *Davido*, we conclude that if a PCRA defendant indicates a desire to represent himself, it is incumbent upon the

PCRA court to elicit information from the defendant that he understands the items outlined in Pa.R.Crim.P. 121(A)(2)(a), (d), (e), and (f). A court must explain to a defendant that he has the right to counsel, in accordance with (a), that he is bound by the rules as outlined in (d), and that he may lose rights, as indicated in (f). Subsection (e) must be appropriately tailored so that a defendant is informed that "there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised [in a PCRA petition], they may be lost permanently."

¶ 15 We simply cannot agree with *Murray's* position that the necessity of a colloquy is obviated where the defendant clearly and unequivocally indicates a desire to represent himself and has prepared what appears to be an adequate brief. Regardless of how unambiguous a defendant's expression may be, without a colloquy the court cannot ascertain that the defendant fully understands the ramifications of a decision to proceed *pro se* and the pitfalls associated with his lack of legal training. Thus, a defendant cannot "knowingly, voluntarily, and intelligently" waive counsel until informed of the full ramifications associated with self-representation. *See Commonwealth v. Brazil,* 549 Pa. 321, 701 A.2d 216, 219 (1997) (even though defendant unequivocally asserted right to self-representation at trial, since there was no colloquy conducted to ascertain that waiver was "knowing and intelligent," waiver was invalid).

¶ 16 Furthermore, the fact that Appellant has prepared what appears to be an adequate brief with supporting citation does not fill the vacancy left by the absence of a colloquy. *Id.* (appointment of standby counsel does not eliminate need for waiver-of-counsel colloquy; "irrespective of the quality of representation achieved at trial, when a defendant indi-

cates a desire to waive his right to counsel, a **full waiver colloquy** must be conducted") (emphasis added).

¶ 17 When a defendant is representing himself, he lacks legal expertise and may overlook meritorious issues and defenses or pertinent and compelling legal authority. We, as an appellate court, would not be permitted to examine *sua sponte* any issues not raised before us. It is only after a defendant knowingly, voluntarily, and intelligently relinquishes legal representation that he may be charged with any default resulting from his lack of training.

¶ 18 Therefore, we now disclaim *Murray* to the extent that it holds that a waiver colloquy is unnecessary. Such a colloquy must be held by the PCRA court of its own accord and in conformity with our decision herein once the defendant has expressed a desire to proceed *pro se* as long as PCRA counsel has not properly withdrawn by complying with the dictates of *Turner/Finley.*

¶ 19 Since counsel in the present case did not properly withdraw and Appellant, after indicating that he wanted to proceed *pro se,* was not afforded a colloquy, we vacate the denial of PCRA relief and remand for such a colloquy. If Appellant retracts his desire to act as his own counsel, new counsel must be appointed. Once the appropriate proceedings are conducted, the order denying PCRA relief can be reinstated, and Appellant, or his counsel, can file an appeal.

¶ 20 Order denying PCRA relief is vacated. Case remanded for conduct of a colloquy in accordance with *Grazier.* Jurisdiction relinquished.

¶ 21 Judges GANTMAN and SHOGAN Concur in the Result.