J-S10014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TROY BAYLOR | |
| Appellant | No. 50 EDA 2015 |

Appeal from the PCRA Order December 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007889-2009

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JANUARY 20, 2016**

Appellant, Troy Baylor, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On February 12, 2010, a jury convicted Appellant of corrupt organizations, theft by deception, conspiracy to commit theft, forgery, and tampering with public records.  The court sentenced him on April 30, 2010, to an aggregate term of 9-20 years' imprisonment, plus 7 years' probation.  On May 23, 2012, this Court affirmed the judgment of sentence.  **See Commonwealth v. Baylor**, 50 A.3d 247 (Pa.Super. 2012).  Appellant timely filed *pro se* his first and current PCRA petition on April 2, 2013, and an amended petition on November 25, 2013.  Counsel entered his

_____

*Retired Senior Judge assigned to the Superior Court.

appearance on December 19, 2013. On January 28, 2014, Appellant asked to proceed *pro se*. The court conducted a **Grazier**[1] hearing on March 27, 2014, after which it permitted Appellant to proceed *pro se* and counsel to withdraw. Appellant filed amended PCRA petitions on April 14, 2014, and June 10, 2014. On November 14, 2014, the court issued notice per Pa.R.Crim.P. 907. Appellant responded on December 10, 2014. On December 15, 2014, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal that day and requested appointment of counsel for the appeal. On March 6, 2015, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant *pro se* timely complied.

As a significant, prefatory matter, Appellant's current *pro se* status presents a question of whether Appellant was effectively deprived of his rule-based right to counsel on this appeal.

> Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process. …
>
> * * *
>
> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and

---

[1] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998) (holding court must determine on record that indigent defendant wants to proceed *pro se*, to ensure waiver of counsel is knowing, intelligent and voluntary).

> omissions. Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

*Commonwealth v. Robinson*, 970 A.2d 455, 457-59 (Pa.Super. 2009) (*en banc*) (setting standard to require *Grazier* colloquy, before petitioner surrenders significant rule-based right to counsel in PCRA cases). *See also* Pa.R.Crim.P. 904(C), (F)(2) (stating when unrepresented defendant shows he is unable to afford or procure counsel, court shall appoint counsel to represent defendant on first PCRA petition; appointment shall continue on appeal from disposition of first PCRA petition).

Instantly, the record confirms Appellant is indigent. Appellant sought to proceed *pro se* to litigate his first PCRA petition before the PCRA court. Following a *Grazier* hearing, the court granted Appellant's request and permitted counsel to withdraw. The court ultimately denied PCRA relief on December 15, 2014, and Appellant timely filed a *pro se* notice of appeal that day. Importantly, Appellant's notice of appeal expressly requested appointment of counsel. Nevertheless, the PCRA court did not appoint counsel or determine if Appellant wanted to waive his rule-based right to counsel for this appeal. Therefore, the best resolution of this case is to vacate and remand the case for further proceedings. Upon remand, the court must conduct a full *Grazier* hearing, to determine if Appellant wants

to proceed *pro se* on appeal. If the court is convinced Appellant wants to proceed *pro se*, it can reinstate its order denying PCRA relief; and Appellant can file a notice of appeal. If Appellant does not want to proceed *pro se* or fails to demonstrate a valid waiver of counsel, then the court shall appoint new counsel to assist Appellant on appeal, reinstate its PCRA order, and Appellant can proceed with a counseled appeal. Accordingly, we vacate and remand for further proceedings. **See Robinson, supra** at 460 (vacating order denying PCRA relief, remanding for **Grazier** hearing, and relinquishing jurisdiction; stating: "Once the appropriate proceedings are conducted, the order denying PCRA relief can be reinstated, and Appellant, or his counsel, can file an appeal").

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2016