J-S65033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWIN JAVIER GUZMAN, JR., | |
| Appellant | No. 267 WDA 2016 |

Appeal from the PCRA Order January 6, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000461-2010

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:               **FILED AUGUST 23, 2016**

Appellant, Edwin Javier Guzman, Jr., appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We remand.

On July 12, 2010, Appellant entered a counseled guilty plea to attempted murder and aggravated assault.  The charges related to Appellant's December 12, 2009 shooting of the victim, resulting in serious injuries, including paralysis.  (**See** N.T. Sentencing Hearing, 8/24/10, at 7-8).  On August 24, 2010, the trial court sentenced Appellant to a standard range sentence of not less than ten nor more than twenty years' imprisonment on the attempted murder charge.  (**See** Sentencing Order,

_____

[*] Retired Senior Judge assigned to the Superior Court.

8/24/10, at 1; N.T. Sentencing Hearing, 8/24/10, at 21-22). The aggravated assault conviction merged for sentencing purposes. This Court affirmed Appellant's judgment of sentence on June 1, 2011, and our Supreme Court denied review on November 1, 2011. (**See Commonwealth v. Guzman**, 31 A.3d 732 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011)).

On September 14, 2015, Appellant filed a *pro se* "Petition to Correct Illegal Sentence Pursuant to the Court's Inherent Jurisdiction to Correct," which the court properly treated as a first PCRA petition. The court appointed PCRA counsel, who filed a supplemental petition on October 20, 2015. On December 10, 2015, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing. **See** Pa.R.Crim.P. 907(1). Appellant did not respond, and the court dismissed the petition as untimely on January 6, 2016. On February 2, 2016, Appellant filed a timely *pro se* notice of appeal although the docket and the record indicate that he is still represented by PCRA counsel.

"Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition **through the entire appellate process**." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (citations omitted) (emphasis added); **see also** Pa.R.Crim.P. 904(c). "When a waiver of the right to counsel is sought at the post-conviction and

appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." ***Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998) (citations omitted).

Here, the record does not reflect that Appellant's appointed PCRA counsel was permitted to withdraw from representation. Therefore, it is not clear why Appellant filed a *pro se* notice of appeal or *pro se* brief. Hence, we remand this matter for the PCRA court to conduct a ***Grazier*** hearing to determine whether Appellant is waiving his right to counsel and, if so, whether such waiver is "a knowing, intelligent, and voluntary one." ***Grazier***, ***supra*** at 82; ***see Robinson***, ***supra*** at 456 (holding "that in any case where a defendant seeks self-representation in a PCRA proceeding and where counsel has not properly withdrawn, a hearing must be held."). The PCRA court shall comply with this order within sixty days from the date on which it is ordered.

Case remanded for proceedings consistent with this decision. Panel jurisdiction retained.