J-S58006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KEVIN EUGENE SMITH | |
| Appellant | No. 2265 MDA 2015 |

Appeal from the PCRA Order November 25, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001353-2012
CP-54-CR-0001354-2012

BEFORE:  GANTMAN, P.J., BOWES, AND PLATT,* JJ.

CONCURRING MEMORANDUM BY BOWES, J.:      **FILED OCTOBER 20, 2016**

My learned colleagues have granted counsel's petition to withdraw and affirmed the order denying PCRA relief.  I fully agree with their analysis, and write separately to elaborate on the Commonwealth's position that this appeal should be quashed since the notice of appeal was filed *pro se*.

On November 25, 2015, the PCRA court denied Appellant's second PCRA petition as untimely.  On December 24, 2015, Appellant lodged a *pro se* notice of appeal.  Counsel did not file a notice of appeal.  Since counsel was still of record, we ordered him to enter his appearance and file a brief.

The Commonwealth states that this appeal should be quashed, on the grounds Appellant was represented when he filed the notice of appeal, rendering the filing a legal nullity.  This issue presents a pure question of law

* Retired Senior Judge assigned to the Superior Court.

and our standard of review is *de novo*. ***Commonwealth v. Cooper***, 27 A.3d 994, 998 (Pa. 2011).

The applicable Rule of Criminal Procedure states that the notice of appeal should have been forwarded to counsel:

**(A) Filing**

(1) All written motions and any written answers, and any notices or documents for which filing is required, shall be filed with the clerk of courts.
. . .
(4) In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

Pa.R.Crim.P. 576. The Comment to the Rule states that this requirement "only serves to provide a record of the filing, and does not trigger any deadline nor require any response." *Comment*, Pa.R.Crim.P. 576.

However, the Commonwealth incorrectly states that this Rule requires that we deem a *pro se* notice of appeal filed by a represented defendant a legal nullity. That interpretation is foreclosed by precedent. In ***Cooper***, ***supra***, our Supreme Court analyzed a situation wherein a counseled litigant filed, unbeknownst to his attorney, a *pro se* notice of appeal (hereinafter "first appeal"). The document was not forwarded to counsel, and was instead accepted for filing. As a result, the first appeal proceeded.

Meanwhile, the attorney filed a timely post-sentence motion, which the trial court denied, and then a notice of appeal (hereinafter "second appeal"). Thus, there were parallel appeals at separate dockets.

On June 9, 2008, the second appeal was administratively quashed by this Court as duplicative of the first appeal. Cooper did not appeal or otherwise challenge that determination. Then, on May 27, 2009, a panel of this Court determined that the first appeal was premature and void as a nullity. Thus, that appeal was also quashed, but we remanded for the trial court to address the counseled post-sentence motion. *Id*. at 997.

The Commonwealth appealed, arguing that a party must choose between filing a notice of appeal or a post-sentence motion, and, once that choice is made, the party cannot follow both paths. The Commonwealth insisted that the *pro se* notice of appeal had initiated appellate proceedings, and, as a result, the trial court lacked jurisdiction to consider any post-sentence motion. The Commonwealth acknowledged that its argument implicated hybrid representation concerns, but argued that a notice of appeal is not a petition, motion, brief, or any other type of pleading, and thus Rule 576 did not apply. Cooper, on the other hand, asked the Supreme

Court to view the *pro se* notice as a complete nullity, and hold that the counseled notice of appeal was valid.[1]

The ***Cooper*** Court declined to adopt either interpretation, stating: "Although both parties make persuasive discrete points, we are not convinced that the ultimate analysis of either party is correct." ***Id***. at 1002. Instead, our High Court held that the *pro se* document was premature, but perfected by counsel's later notice of appeal.

> Appellee's *pro se* notice of appeal was indeed premature, in the sense that he filed it on his own, while still ostensibly represented by counsel, and before his appointed counsel had an opportunity to file a post-sentence motion on his behalf. The notice of appeal also was ill-advised: the unschooled appellee did not realize that he had to preserve sentencing claims by filing a post-sentence motion. Moreover, it was a complicating *pro se* filing by a defendant with appointed counsel of record, and instigated various procedural problems that are endemic to hybrid representation, and because of which such representation is not permitted. But the prescribed procedure, designed to avoid the confusing result of *pro se* filings by represented criminal defendants, was not followed.
>
> Under the circumstances of this case, where the trial court ruled on the appellee's post-sentence motion and thus entered a final appealable order, we view the *pro se* appeal as merely premature, duplicative of the later counseled appeal, and subject to withdrawal or quashal on those grounds. But, contrary to the Superior Court panel's determination, it definitely was not a "nullity," especially once the counseled appeal was dismissed.

---

[1] As the Court observed, Cooper's argument that the second appeal remained valid was undermined by his argument that our decision to remand should be affirmed. Moreover, since Cooper failed to appeal the administrative quashal of the second appeal, its dismissal was considered final. ***Id***. at 1002, n.11.

- 4 -

*Id*. at 1006-07 (citation and footnote omitted). Thus, our Supreme Court reversed and remanded for this Court to treat the merits of the *pro se* notice of appeal, as perfected by counsel's later post-sentence motions and corresponding notice of appeal.

Strictly read, **Cooper** does not resolve the question herein since we are considering only one notice of appeal, rather than a *pro se* notice of appeal followed by a counseled notice of appeal. We cannot similarly label this instant *pro se* notice premature since there were no further actions taken that could be viewed as perfecting the appeal. The question, then, is whether the *pro se* notice of appeal can be treated as the **actual** notice of appeal, hybrid representation concerns notwithstanding.[2]

In my view, **Cooper** indicates that we may view the *pro se* notice as procedurally initiating review in that the case explicitly rejected a bright-line rule that, with respect to a notice of appeal, such documents are nullities. The **Cooper** Court also opined:

---

[2] Published decisions both before and after **Cooper** have accepted, without comment, that a *pro se* notice of appeal is valid. **See Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*) ("On February 21, 2007, following a hearing, the PCRA court denied the [counseled] PCRA petition. Appellant then filed this timely *pro se* appeal."). **Commonwealth v. Wilson**, 67 A.3d 736, 738 (Pa. 2013) ("Appellant filed a *pro se* notice of appeal; it is not clear why his court-appointed counsel did not file the notice.").

the Rules are not shackles. *See, e.g.,* Pa.R.Crim.P. 101 (criminal rules are intended to provide for just determination of every proceeding, and should be construed to secure simplicity, fairness and elimination of delay); Pa.R.A.P. 104 ("In all cases not provided for by rule, the appellate courts may regulate their practice in any manner not inconsistent with these rules."); Pa.R.A.P. 105 (rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable).

*Id*. at 1003. Applying those principles to these facts, I would hold that "simplicity, fairness and elimination of delay" militates in favor of treating this *pro se* notice of appeal as valid. As to fairness, Appellant's *pro se* filing is definitive proof of his desire to appeal to this Court. Treating the appeal as valid also removes the prospect of unnecessary delay and expense, since quashal will likely result in more litigation in the form of a complaint that counsel did not file a requested appeal, which is ineffectiveness *per se*. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Commonwealth v. Lantzy*, 736 A.2d 564 (Pa. 1999)

I also note that a notice of appeal does not pose a true hybrid counsel problem. The policy reasons for the bar against hybrid representation are

that permitting the *pro se* brief may involve a conflict between lawyer and client, and this conflict could undermine appellant's chance of success; that counsel is obligated to submit to the appellate court only those issues which he believes to possess merit; that under no other circumstances are counsel and client permitted to present opposing arguments to Superior Court, as may well happen if both are permitted to submit briefs; and finally, that reviewing pro se briefs of counseled appellants would lead to procedural confusion and delay in the appellate process because of the need for the court and the Commonwealth to review and evaluate additional *pro se* briefs.

- 6 -

*Commonwealth v. Jette*, 23 A.3d 1032, 1040 (Pa. 2011) (quoting

*Commonwealth v. Ellis,* 626 A.2d 1137, 1138–39 (Pa. 1993)). Few, if

any, of these concerns are present when a litigant files a *pro se* notice of

appeal. A notice of appeal requires no substantive review, and counsel

herein did not file any type of reconsideration or other filing prior to the

expiration of the thirty-day appeal period. As the High Court stated in

*Flores-Ortega*, *supra*, filing the notice is a ministerial task and the failure

to file a requested appeal cannot be considered a strategic decision. To the

extent a notice of appeal interferes with counsel's plans to file any later

motion while the trial court retains jurisdiction, *Cooper's* "perfecting the

appeal" framework addresses those concerns.

For the foregoing reasons I would deem the *pro se* notice of appeal

valid on those grounds.[3]

---

[3] None of this should be read to approve the failure to forward the document to counsel, or as a suggestion that a clerk of courts should not forward the notice of appeal to counsel. The Rules should, of course, be followed.