J-A14015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                               :           PENNSYLVANIA
                       Appellee            :
                                                 :
                         v.                :
                                                 :
SCOTT MIGNOGNA                   :
                                               :
                     Appellant        :             No. 3890 EDA 2017

Appeal from the PCRA Order October 25, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000085-2015

BEFORE:    GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:           **FILED JULY 13, 2018**

Appellant, Scott Mignogna, appeals *pro se* from the order entered in the Bucks County Court of Common Pleas, which denied his first petition per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On March 11, 2015, Appellant entered an open guilty plea to three counts of persons not to possess firearms. The court sentenced him on May 11, 2015, to 3 to 10 years' imprisonment. Appellant timely filed post-sentence motions, which the court denied on June 4, 2015. Appellant did not file a direct appeal. On June 6, 2016, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel on August 12, 2016. On January 25, 2017, Appellant filed a *pro se* motion claiming PCRA counsel was ineffective for failing to file an amended PCRA petition, and seeking new counsel. The court held a hearing on March 23, 2017, directed PCRA counsel to file an amended PCRA petition,

_____

*    Retired Senior Judge assigned to the Superior Court.

and denied Appellant's request for new counsel. On May 30, 2017, Appellant filed a *pro se* memorandum of law regarding his claim that PCRA counsel was ineffective and renewing his request for new counsel. Appellant filed another *pro se* motion on July 17, 2017, to proceed *pro se*, again asserting PCRA counsel's ineffectiveness and claiming Appellant was forced to proceed *pro se* because the court refused to appoint new counsel. On July 26, 2017, the court directed PCRA counsel to file an amended PCRA petition by September 8, 2017. On August 28, 2017, PCRA counsel filed a motion to withdraw. On September 6, 2017, the court held a **Grazier**[1] hearing, let Appellant proceed *pro se*, and allowed counsel to withdraw. Appellant filed a *pro se* amended PCRA petition on September 11, 2017. The court held a PCRA hearing on October 25, 2017, and denied relief that day. Appellant timely filed a *pro se* notice of appeal. On November 22, 2017, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, which Appellant filed after an extension.

"Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*).

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based

---

[1] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of [the PCRA], a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

*Id.* at 458-59. *See also* Pa.R.Crim.P. 904 (stating indigent defendant is entitled to counsel for litigation of first PCRA petition).

Instantly, Appellant is indigent. He sought to proceed *pro se* only after repeated claims his PCRA counsel had failed to file an amended PCRA petition, and because the court would not appoint new counsel. Following a *Grazier* hearing, the court allowed Appellant to proceed *pro se* and let counsel withdraw. The court denied PCRA relief on October 25, 2017, and Appellant timely appealed *pro se*. But the PCRA court did not determine if Appellant wanted to waive his rule-based right to counsel on appeal.[2] We conclude the best resolution is to vacate and remand for further proceedings. Upon remand, the court must conduct a full *Grazier* hearing to determine whether Appellant wants counsel on appeal. If the court is convinced Appellant wants to proceed *pro se*, it can reinstate its PCRA order; and Appellant can file a notice of appeal. If Appellant does not want to proceed *pro se* or fails to show a valid waiver of counsel, then the court shall appoint new counsel for the

_____

[2] Notably, the PCRA court then deemed Appellant's issues waived for a deficient Rule 1925(b) statement; Appellant's brief also fails to comply with the Rules of Appellate Procedure.

- 3 -

appeal and reinstate its PCRA order; and Appellant can proceed with a counseled appeal. **See Robinson, supra** (vacating order denying PCRA relief, remanding for **Grazier** hearing, and relinquishing jurisdiction; stating once appropriate proceedings are conducted, order denying PCRA relief can be reinstated, and appellant or counsel can appeal).

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/13/18