J-S69023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL GLEED | : | |
| | : | |
| Appellant | : | No. 646 MDA 2018 |

Appeal from the Order Entered March 19, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0002000-2006

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 14, 2018**

Daniel Gleed appeals, *pro se*, from the order, entered in the Court of Common Pleas of Lebanon County, dismissing his first petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546.  After our review, we vacate and remand.

Gleed was charged with rape of a child, aggravated indecent assault of a child, statutory sexual assault, indecent assault, endangering the welfare of children, and corruption of minors.  The victim was nine years old at the time of the offenses, which occurred during the spring and summer of 2006. Pursuant to a negotiated guilty plea, the Commonwealth *nol prossed* the rape charge and Gleed entered a guilty plea to the remaining charges.  On June 29, 2007, the court sentenced Gleed to an aggregate term of imprisonment of 6 to 17 years.  At the time of sentencing, Gleed was informed he would be

required to register as a sex offender with the Pennsylvania State Police for life.[1]  Gleed did not file a direct appeal.

On September 8, 2017, following our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), Gleed filed a *pro se* PCRA petition seeking a determination that he be relieved of registration requirements under Sexual Offender Registration and Notification Act ("SORNA").[2]  On September 12, 2017, the court entered an order appointing the public defender's office as counsel, and ordered counsel to file a supplemental or amended PCRA petition by October 12, 2017.  Order, 9/12/17. There is no indication in the docket that counsel entered an appearance on behalf of Gleed.[3]

_____

[1] At that time, Megan's Law III was in effect.

[2] 42 Pa.C.S.A. §§ 9799.10-9799.41. In **Muniz**, the Pennsylvania Supreme Court held that SORNA's purpose was punitive and its retroactive application to past sexual offenders violates the *ex post facto* clause of the Pennsylvania Constitution.  In response, the Pennsylvania Legislature enacted legislation to replace the portions of SORNA that the Court invalidated.  **See** 2018 Pa. Legis. Serv. Act 2018-2029 (H.B. 925) (approved June 12, 2018) ("Act 29"), amending Title 42 (Judicial Procedure) of the Pennsylvania Consolidated Statutes. Act 29 became effective on June 12, 2018. The registration requirements found in Subchapter I of Act 29 apply to defendants, like Gleed, who committed their offenses on or after April 22, 1996 (effective date of Megan's Law I), but before December 20, 2012 (effective date of SORNA).

[3] We note that Brian Deiderick, Esquire, is copied on the court's orders and listed in the certificate of service of the Commonwealth's filings; however, there is no entry of appearance on the docket, and there are no counseled petitions or motions filed on behalf of Gleed in the record.

On January 19, 2018, Gleed filed a *pro se* petition titled, "Supplemental Issue in Support of Filed PCRA," stating that no attorney has contacted him and no amended petition has been filed. **See** Supplemental Petition, 1/19/18, at 1. The Commonwealth filed a response, requesting PCRA relief be granted in part and denied in part, in that Gleed was not subject to SORNA's reporting requirements, but was subject to the appropriate registration requirements pursuant to General Assembly's enactment of post-**Muniz** legislation. **See** Commonwealth's Response to PCRA Petition, 3/14/18. The court entered an order stating: "Defendant is not subject to the SORNA registration requirements. Defendant is required to register pursuant to 42 Pa.C.S.A. § 9799.55." Order, 3/19/18. Gleed filed this *pro se* appeal, arguing the PCRA court erred in its determination that he remains subject to registration requirements pursuant to post-**Muniz** legislation. We note also that Gleed filed a *pro se* letter on May 7, 2018, indicating, again, that despite the court's order appointing counsel, "no counsel had ever been named [and] no counsel ever contacted me." *Pro Se* Letter, 5/7/18.

To the extent Gleed's convictions may subject him to registration under the post-**Muniz** legislative changes to SORNA or another version of Megan's Law, this Court offers no relief. However, without question, Gleed was entitled

- 3 -

J-S69023-18

to counsel on his first timely PCRA petition,[4] unless, based upon a *Grazier*[5] hearing, the court determined he properly waived his right to counsel.  There is no record of such in this case.  *See Commonwealth v. Robinson*, 970 A.2d 455, 458-59 (Pa. Super. 2009) (en banc) ("Given the current time constraints of 42 Pa.C.S. § 9545, a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.").  As such, we vacate the PCRA court's order and remand this case for a full waiver colloquy pursuant to *Grazier*, *supra*.

Order vacated.  Case remanded with instruction to conduct a colloquy in accordance with *Grazier*.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2018

---

[4] *See* Rule of Criminal Procedure 904(C): "Except as provided in paragraph (H) [pertaining to death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C).

[5] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

- 4 -