J-S69006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUEL REYES, | |
| Appellant | No. 323 MDA 2018 |

Appeal from the PCRA Order Entered November 28, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003159-2012

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:           **FILED JANUARY 22, 2019**

Appellant, Samuel Reyes, appeals from the post-conviction court's November 28, 2017 order denying his timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant solely contends that the PCRA judge should have recused herself from presiding over the evidentiary hearing held in this case.  After careful review, we affirm.

Briefly, Appellant was charged with possession of a firearm by a person prohibited, 18 Pa.C.S. § 6105(a)(1).  At his jury trial - during which Appellant represented himself - the Commonwealth presented evidence that Appellant fled from a uniformed police officer, who testified at trial that, during the chase, he saw a black semiautomatic pistol in Appellant's right hand.  The officer ultimately apprehended Appellant and recovered the firearm on the ground within close proximity to Appellant.  In Appellant's defense, he called

to the stand an expert witness, Francis Collini, M.D., who testified that he conducted surgery on Appellant's right hand two days before Appellant was arrested, in order to repair a lacerated tendon in Appellant's thumb. *See* N.T. Trial, 8/4/14, at 266-67. Dr. Collini testified that in November of 2013, he sent Appellant a letter stating that, in his opinion, the condition of Appellant's hand would have "prevent[ed] him from holding weight or grasping with his right hand," and that the doctor would be "willing to prepare a narrative report explaining those findings." *Id.* at 271. A report was subsequently drafted by Dr. Collini stating that opinion. Then, in July of 2014, Dr. Collini submitted a supplemental report, about which Appellant questioned the doctor at trial. *Id.* at 273. In explaining what the supplemental report said, Dr. Collini testified:

> [Dr. Collini]: It says, I typically apply a large bulky short-arm splint after each hand injury that I repair, and I made no exception for this rule [in Appellant's case]. This is a standard dressing that I've used [for] more than 20 years in my hand patients. I ask them to leave this in place for one week after it is applied. It's kept dry and clean until the follow-up examination is performed. If this dressing were in place on [Appellant's] dominant right hand and [he is] alleged to have held the gun in [that] hand, it is my opinion, based on a reasonable degree of medical certainty, that this would not have been possible or it would have been impossible. A gun would simply slip out of a hand that is wrapped in my standard bulky hand dressing.

*Id.*

At the close of Appellant's trial, the jury convicted him of the firearm offense. On October 14, 2014, he was sentenced to five to ten years' incarceration. Appellant filed a timely direct appeal, and this Court affirmed

his judgment of sentence on January 28, 2016. *Commonwealth v. Reyes*, 136 A.3d 1039 (Pa. Super. 2016) (unpublished memorandum).

On October 3, 2016, Appellant filed a timely, *pro se* PCRA petition. The court appointed counsel, who filed an amended petition on Appellant's behalf. In those filings, Appellant contended, *inter alia*, that the trial court had improper, *ex parte* communications with Dr. Collini, which had led Dr. Collini to draft the supplemental report. According to Appellant, the supplemental report contradicted the doctor's original report, to the detriment of Appellant's defense.[1] Appellant argued that his appellate counsel was ineffective for not challenging the court's *ex parte* communications with the doctor on direct appeal.

A bifurcated PCRA hearing was conducted on June 8, 2017, and September 28, 2017. At the outset of the June 8, 2017 hearing, Appellant moved for the recusal of the PCRA court judge, who had also presided over his trial. As will be discussed *infra*, Appellant argued that the judge must recuse because he intended to call her as a witness in support of his appellate-counsel-ineffectiveness claim. The judge denied Appellant's motion to recuse,

---

[1] Apparently, Appellant believed that the doctor's opinion that the *bandages* on Appellant's hand made it impossible for him to grasp a gun was different (and not as beneficial for Appellant's defense) as the doctor's original opinion that Appellant's *actual hand injury* precluded him from holding a gun. *See* N.T. Trial at 274.

and it subsequently also denied his petition in an order and opinion filed on November 28, 2017.

Appellant thereafter filed a timely, *pro se* notice of appeal.[2]  The court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement.  While his counsel filed that statement, it appears it was untimely.  Nevertheless, the court's opinion issued in conjunction with its order denying Appellant's petition is sufficient to address the claim raised by Appellant herein; thus, we need not remand for the filing of a concise statement *nunc pro tunc* under Pa.R.A.P. 1925(c)(3).  ***See Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) (holding that, "if there has been an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

_____

[2] Appellant was still counseled when he filed his *pro se* notice of appeal, although that attorney subsequently withdrew and his present counsel was appointed.  Upon appointment, present counsel file an amended notice of appeal that was untimely.  For some reason, this Court assigned the appeals two different docket numbers, and eventually discontinued Appellant's *pro se* appeal altogether, leaving only the present appeal initiated by counsel's untimely-filed notice.  However, we will not deem the present appeal untimely; instead, we will consider counsel's notice of appeal as an amendment of Appellant's timely, *pro se* appeal.  While generally, we will not entertain *pro se* filings while an appellant is represented, *pro se* notices of appeal have been treated as an exception to this rule.  ***See Commonwealth v. Wilson***, 67 A.3d 736, 738 (Pa. 2013) (explaining that Wilson "filed a *pro se* notice of appeal; it is not clear why his court-appointed counsel did not file the notice," and proceeding to review the merits of Wilson's case without further discussion); ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (considering the appeal, despite that Robinson had filed a *pro se* notice of appeal while still represented).

Appellant presents the following question for our review:

1. Whether the PCRA [c]ourt erred in denying Appellant's PCRA [petition] because the presiding [j]udge should have recused herself, as she is a material witness on the underlying PCRA claim, in which Appellant claims that the [j]udge improperly contacted then *pro-se* Appellant's expert witness in trial. The presiding [j]udge should have recused herself as she is the only person with knowledge of how this report appeared and the context of her interactions[] with Dr. Collini, the *pro-se* Appellant's expert witness, regarding his expert opinion.

Appellant's Brief at 6.

 Appellant solely challenges the PCRA judge's denial of his request for her to recuse.

The standards for recusal are well established. It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair and competent.

*Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998) (internal citations omitted).

Here, Appellant requested, at the PCRA hearing, that the judge recuse herself because he intended to call her as a witness to question her about *ex*

- 5 -

*parte* communications that Appellant believed the judge had with his expert witness, Dr. Collini. **See** N.T. Hearing, 6/8/17, at 4. By way of background, after Dr. Collini issued his original report opining that Appellant's hand injury precluded him from holding a gun in his right hand, Appellant began representing himself; thus, the trial court (with the agreement of the parties) "indicated that it would have chambers contact Dr. Collini's office regarding potential trial dates and to determine his availability." PCRA Court Opinion (PCO), 11/28/17, at 7. Thereafter, Dr. Collini issued the supplemental report, in which he opined that the post-surgery dressing he applied to Appellant's right hand would have made it impossible for Appellant to hold a gun. As stated *supra*, Appellant believes that the supplemental report differed from the doctor's original report, to the detriment of Appellant's defense.

In Appellant's PCRA petition, he acknowledged that he did not object to the court's contacting Dr. Collini for scheduling purposes; however, he claimed that during that communication, the court must have requested the doctor issue the supplemental report, thus constituting improper *ex parte* communications and/or demonstrating a bias on the part of the judge. Appellant argued that his appellate counsel had acted ineffectively by not raising this claim on direct appeal, and he insisted that it was necessary for him to call the judge to the stand at the PCRA hearing in order to prove the arguable merit of this ineffectiveness claim. As such, Appellant moved for the judge to recuse from presiding over the PCRA hearing.

In response, the Commonwealth stressed that, at trial, Appellant had not objected to the court's communicating with Dr. Collini or alleged any bias or impropriety on the part of the court. He also had not objected to the supplemental report; in fact, Appellant himself had called the doctor to the stand and elicited his testimony about that report. *See* N.T. Trial at 272-73. Thus, it was the Commonwealth's position that Appellant had waived the issue(s) that he was alleging appellate counsel was ineffective for failing to raise on direct appeal, thereby defeating his ineffectiveness claim on its face. *See* N.T. Hearing at 7-8. The PCRA court agreed, and denied Appellant's recusal request.

We discern no error in the court's decision. The only basis on which Appellant moved for the court's recusal was that the judge was a necessary witness for his ineffectiveness claim. He reiterates that argument on appeal. However, Appellant's ineffectiveness claim fails outright for the reasons argued by the Commonwealth. Specifically, Appellant does not point to where in the record of trial he lodged an objection to the court's communicating with Dr. Collini. Moreover, he chose to call the doctor to the stand and question him about the purportedly damaging supplemental report. Thus, Appellant waived any challenge to the court's allegedly improper communication with Dr. Collini on direct appeal. Because Appellant represented himself at trial, he cannot claim his own ineffectiveness for this error, and his appellate counsel cannot be deemed ineffective for not raising a waived issue. *See Commonwealth v. Fletcher*, 986 A.2d 759, 774 (Pa. 2009) (explaining that

a *pro se* defendant cannot assert his own ineffectiveness or that of standby counsel as a basis for relief); ***Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.") (citation omitted). Because Appellant's claim that his appellate counsel acted ineffectively for not presenting this claim on appeal fails on this basis alone, it was not necessary for the PCRA judge to recuse herself so that she could testify about the specifics of her communications with Dr. Collini. Accordingly, the court's refusal to recuse from presiding over Appellant's PCRA hearing was not an abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/22/2019