J-S36034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HAROLD LEE FISHER, JR. | : | |
| | : | |
| Appellant | : | No. 1289 MDA 2018 |

Appeal from the Order Entered July 23, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006728-2015

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JULY 19, 2019**

Harold Lee Fisher, Jr. (Fisher) appeals an order entered in the Dauphin County Court of Common Pleas (trial court) denying his *pro se* Motion for Release Due to Illegal Sentence (Motion). We vacate the subject order and remand so that Fisher may, with the benefit of counsel, reassert the grounds in his Motion as a request for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 (PCRA). Fisher's right to appointment of counsel on remand renders moot his appellate counsel's Petition for Leave to Withdraw.

The following factual and procedural background is gleaned from our independent review of the certified record and the trial court's opinion. On October 28, 2008, Fisher pleaded guilty to Involuntary Deviate Sexual Intercourse and Corruption of Minors and was sentenced in 2009. *See* 18

_____

* Retired Senior Judge assigned to the Superior Court.

Pa.C.S. § 4915.1(a)(1). Fisher was required to register as a sexual offender for the rest of his life. He did not appeal.

On November 3, 2015, Fisher was charged with failing to comply with those registration requirements and, on February 4, 2016, pursuant to a negotiated plea agreement, he pled guilty to one count of that offense. Again, Fisher did not appeal.

On March 23, 2018, Fisher filed the subject Motion *pro se*.[1] He argued that he was entitled to immediate release based on our Supreme Court's decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), where it held that SORNA may not be applied retroactively so as to increase the penalties for sexual offenders, including the length of the registration period. Fisher contended that under ***Muniz***, new registration requirements were retroactively applied to him and that as a result, his judgment of sentence cannot stand.

On July 23, 2018, treating the filing as an untimely post-sentence motion under Pa.R.Crim.P. 720(B)(3)(b), the Clerk of Courts entered an order denying Fisher's Motion as a matter of law. Fisher filed a notice of appeal and then a Rule 1925(b) Statement. On October 3, 2018, the trial court issued a Rule 1925(a) Opinion noting that the sentencing claim in Fisher's *pro se*

---

[1] Fisher filed a *pro se* Motion for Immediate Release on May 25, 2018, raising essentially the same grounds for relief.

motion was exclusive to the PCRA, but had been denied without regard for PCRA legal standards. *See* 1925(a) Opinion, 10/3/2018, at 2. The trial court requested that we remand the case "for consideration as a request for PCRA relief." **Id**.[2]

Fisher was appointed an attorney on November 15, 2018, for the purposes of this appeal. On March 6, 2019, Fisher filed a Petition for Remand so that he would be able to present his PCRA claims with the benefit of his present counsel. The Commonwealth did not file an appellate brief but in an earlier filing opposing Fisher's motion for bail pending appeal, the Commonwealth agreed that the claim in Fisher's Motion was only cognizable under the PCRA. *See* Commonwealth's Response to Petition's Motion for Bond Pending Appeal, 11/1/2018, at ⸿ 8.

Fisher, the Commonwealth and the trial court are correct that the subject *pro se* Motion was improperly denied because it should have been treated as Fisher's first PCRA petition. "Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. McLaughlin**, No. 2770 EDA 2018, 2019 WL 2499325, at *1 (Pa. Super. Ct. June 17, 2019)

---

[2] The filing of Fisher's notice of appeal divested the trial court of jurisdiction precluding reconsideration of the subject motion while the case is pending appellate review.

(quoting **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009)); **see also** Pa.R.Crim.P. 904(C).

To remedy that error, we grant Fisher's Petition for Remand so that he can reassert his PCRA claims. On remand, Fisher will be entitled to the appointment of PCRA counsel. The petition will be treated as if it is Fisher's first request for PCRA relief.

Finally, in addition to the Petition for Remand, Fisher's appellate counsel has petitioned to withdraw and filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1969), asserting that the grounds in Fisher's Motion are frivolous. However, the granting of Fisher's Petition for Remand renders moot the Petition to Withdraw as Fisher is now entitled to reassert his PCRA claims with the assistance of counsel.

Order vacated. Petition for Remand granted. Petition to Withdraw denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2019

- 4 -