J-S39015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ERIKA ROSA | : | |
| | : | |
| Appellant | : | No. 2095 EDA 2018 |

Appeal from the PCRA Order Entered December 22, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0006544-2011

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED AUGUST 28, 2019**

Appellant, Erika Rosa, appeals *pro se* from the order entered in the Bucks County Court of Common Pleas, which denied her first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On February 13, 2012, Appellant entered an open guilty plea to corrupt organizations, conspiracy, and criminal use of a communication facility.  The court sentenced her on June 18, 2012, to an aggregate 13 to 26 years' imprisonment, and this Court affirmed the judgment of sentence on August 20, 2013.  ***See Commonwealth v. Rosa***, 83 A.3d 1068 (Pa.Super. 2013).

Appellant filed a timely, counseled PCRA petition on April 24, 2014.  The court subsequently let original PCRA counsel withdraw, appointed new PCRA counsel, and granted Appellant *in forma pauperis* status.  On December 30, 2014, counsel filed an amended petition.  The court held a hearing on June 3,

_____

\*   Former Justice specially assigned to the Superior Court.

2016 and denied relief on December 22, 2016. The court sent its order to counsel for the Commonwealth and to PCRA counsel, who was still counsel of record. On July 31, 2017, Appellant filed a *pro se* application for speedy disposition of her PCRA petition, which suggested she did not know the outcome of her petition. The court responded on August 15, 2017, informing Appellant that it had denied her petition on December 22, 2016, and sent a copy of that letter to PCRA counsel. Nothing in the record shows PCRA counsel contacted Appellant. Appellant then filed *pro se* correspondence asserting PCRA counsel had abandoned her, seeking appointment of new counsel, and requesting a copy of the order denying her petition. The court did not respond.

On March 1, 2018, Appellant filed a notice of appeal.[1] This Court issued a rule to show cause why the appeal should not be dismissed as untimely. Appellant responded that she did not know the court had denied her petition until she received the court's letter. On November 9, 2018, this Court discharged the rule and referred the issue to the merits panel.[2]

Preliminarily, a notice of appeal must be filed within 30 days of entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). The timeliness of a notice of appeal also implicates this Court's jurisdiction. **Commonwealth v. Wooden**, ____ A.3d ____, 2019 PA Super 220 (filed July 19, 2019).

---

[1] No Pa.R.A.P. 1925(b) concise statement was ordered or filed.

[2] Notwithstanding Appellant's failure to mention it, the record makes clear she is challenging the December 22, 2016 order denying her PCRA petition.

Additionally, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa.Super. 2009) (*en banc*). **See also** Pa.R.Crim.P. 904(C), (F)(2) (stating indigent defendant is entitled to counsel to litigate first PCRA petition, including on appeal). "The performance of counsel must comply with some minimum norms, which would include not abandoning a client for purposes of appeal." **Commonwealth v. Bennett**, 593 Pa. 382, 399, 930 A.2d 1264, 1274 (2007).

Instantly, Appellant is indigent, pursuing her first PCRA petition, and entitled to counsel on appeal. **See** Pa.R.Crim.P. 904(C), (F)(2); **Bennett, supra**; **Robinson, supra**. The record supports Appellant's claim of abandonment, where PCRA counsel failed to inform Appellant of the denial of her petition or discuss whether Appellant wanted to appeal. **See Bennett, supra** (explaining orders denying relief are not sent directly to prisoner; rather, counsel is sent notice on presumption counsel will inform petitioner of court's action). Under these circumstances, the best resolution of this case is to vacate and remand for a full hearing per **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998). **See Wooden, supra** (excusing untimeliness of appellant's *pro se* appeal from denial of first PCRA petition, where record demonstrated counsel had abandoned appellant; vacating and remanding for **Grazier** hearing and further proceedings). If Appellant chooses to proceed *pro se*, then the court can reinstate its PCRA order; and Appellant can file a

notice of appeal. If Appellant wants counsel, then the court shall appoint counsel and reinstate its PCRA order, with service on counsel and Appellant; and Appellant can proceed with a counseled appeal. *See Robinson, supra* (vacating order denying PCRA relief, remanding for *Grazier* hearing, and relinquishing jurisdiction; stating once appropriate proceedings are conducted, order denying PCRA relief can be reinstated, and appellant or counsel can appeal).[3]

Order vacated; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/19

---

[3] Due to our disposition, we deny the Commonwealth's motion to quash the appeal as untimely.