J-S45023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LESLEY COLON :
:
Appellant : No. 98 MDA 2018

Appeal from the PCRA Order December 13, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0001832-2015

BEFORE:   PANELLA, J., OTT, J., and PLATT[*], J.

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 13, 2018**

Lesley Colon, *pro se*, appeals from the order of the Court of Common
Pleas of Lebanon County, entered December 13, 2017, that "vacate[d] the
appointment and authorization" of counsel and clarified an order dated
October 27, 2017, that had denied Colon's first petition filed under the Post
Conviction Relief Act ("PCRA").[1]  We vacate the order of December 13, 2017,
and we remand to the PCRA court for the appointment of counsel for appeal
purposes.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

The underlying facts and procedural history of this matter are as follows. On June 10, 2016, Colon pleaded guilty to receiving stolen property, graded as a second-degree misdemeanor.[2] **See** N.T., 6/10/2016, at 5. The court sentenced Colon on June 29, 2016. At the beginning of the sentencing hearing, defense counsel noted that with respect to the information, it stated that the count of receiving stolen property was graded as a first-degree misdemeanor, when Colon had pleaded to a misdemeanor of the second degree. **See** N.T., 6/29/2016, at 2. The Commonwealth agreed and corrected the information, which the trial court acknowledged. **Id.** at 2-4. The court then sentenced Colon to a term of 310 days to two years of confinement, to "run concurrent with all other sentences." **Id.** at 5.[3] The trial court also granted Colon "credit for time he spent incarcerated solely as a result of this offense; however, he shall not be entitled to any credit for any time spent in prison on other matters." **Id.** at 6.

On May 5, 2017, Colon filed his first, *pro se*, timely PCRA petition, challenging the validity of his guilty plea and sentence. **See** Motion for PCRA Relief, 5/5/2017, at ¶¶ 1-3A. Colon alleged the Commonwealth had inaccurately recorded his conviction as a first-degree misdemeanor, whereas he believed he pleaded to a second-degree misdemeanor. **Id.** at ¶¶ 3C, G.

---

[2] 18 Pa.C.S. § 3925(a).

[3] At the time of his sentencing hearing in the current Lebanon County action, Colon was waiting to be sentenced on an unrelated case in Dauphin County.

He also contended the Pennsylvania Board of Probation and Parole had misconstrued the sentencing order in this action and was improperly applying this sentence consecutively to a sentence he was serving from Dauphin County, instead of concurrently as ordered by the trial court. *Id.* at ¶¶ 3D, K, 14. Additionally, he maintained the Pennsylvania Board of Probation and Parole failed to credit him for time served. *Id.* at ¶¶ 3K, 14. Finally, he argued that, if the trial court had intended his sentence to run consecutively instead of concurrently, the PCRA court should vacate his sentence and resentence him to time served. *Id.* at ¶ 15.

On May 16, 2017, the PCRA court appointed counsel to represent Colon and ordered PCRA counsel to file an amended petition within 20 days of the date of the order. PCRA counsel failed to file an amended PCRA petition or a motion to withdraw within the allotted time.

On July 26, 2017, Colon filed a *pro se* motion requesting that the PCRA court appoint new counsel. On August 21, 2017, the PCRA court ordered PCRA counsel to file an amended PCRA petition within 72 hours.

On August 24, 2017, PCRA counsel filed an amended PCRA petition. The amended PCRA petition stated that trial counsel was ineffective for failing to advise Colon as to the effect of his Dauphin County case on his sentence in the instant Lebanon County case. *See* Amended Petition for PCRA Relief, 8/24/2017, at ¶¶ 10-11.

On October 24, 2017, the PCRA court held an evidentiary hearing, during which PCRA counsel represented to the court "that the State Correctional Facility had returned [Colon] to the Lebanon County Correctional Facility and surrendered jurisdiction to the [PCRA c]ourt for purpose of parole." Amended Order, 12/13/2017, at 1 n.1. At the conclusion of the hearing, the PCRA court entered an order granting parole and granting PCRA counsel's request to extend his appointment "to handle [any] potential Writ of Mandamus to request the Commonwealth Court to amend [Colon's] sentence accordingly." N.T., 10/24/2017, at 34.

On October 27, 2017, the PCRA court entered the following order:

On Tuesday, October 24, 2017, this Court held a PCRA Hearing wherein [Colon]'s Counsel represented to the Court that the State Correctional Facility had returned [Colon] to the Lebanon County Correctional Facility and had surrendered jurisdiction to this Court for purposes of parole.

Accordingly based on that belief, this Court granted an order for eligibility for Parole.

Upon review of the file by the Lebanon County Parole Department and in particular, the Chief Parole Officer of the County and in consultation with the State, Defense Counsel failed to include the last 2 pages of the return documentation which did not surrender jurisdiction to this Court.

Accordingly, this Court lacks jurisdiction to grant parole and the parole Order dated October 24, 2017 is VACATED.

The Court urges the State Correctional Facility to afford [Colon] all appropriate time and the Court notes it has no objection to the State Parole Board granting him immediate eligibility for parole.

Order, 10/27/2017, at 1. On November 10, 2017, Colon filed a second *pro se* motion requesting the PCRA court appoint new counsel.[4]

On December 13, 2017, the PCRA court entered an amended order,[5] stating:

    I.      On October 24, 2017, this Court held a PCRA hearing during which we expressed that the matters complained of by [Colon] were outside of the jurisdiction of this Court to provide relief, and as such, denied [Colon]'s PCRA [petition]. To the extent that this Court, upon representations by PCRA counsel[1], found it available to act, we issued an Order dated October 24, 2017, in which we granted [Colon]'s earlier request for parole, and authorized and appointed PCRA counsel to continue representing [Colon] in further action more properly addressed in the Commonwealth Court.

    [1]  PCRA counsel represented to this Court that the State Correctional Facility had returned [Colon] to the Lebanon County Correctional Facility and surrendered jurisdiction to the Court for purposes of parole.

    II.    By Amended Order dated October 27, 2017, this Court acknowledged that PCRA counsel's representations to this Court were incomplete, and that [Colon] had not been released to this Court's jurisdiction. We therefore vacated our parole Order dated October 24, 2017, for lack of jurisdiction.

---

[4] Colon again entitled this motion, "Motion for Withdrawal of Counsel Inter Alia Ineffective Assistance of Counsel (IAC)." Even though the title of this document purports to request a withdrawal of counsel, a review of the record does not reveal that Colon requested to proceed *pro se*, but rather, desired the appointment of new counsel.

[5] The order was timestamped the following day.

> III. This Court['s] understanding that our October 27th Order was unclear as to all portions of the October 24th Order, we hereby amend our October 27th Order to likewise vacate the appointment and authorization of PCRA counsel, Michael McHale[, Esquire,] to continue representation of [Colon] in any potential action before the Commonwealth Court.
>
> IV. [Colon] is therefore free to pursue any further relief in the Commonwealth Court, as this Court noted, through *pro se* efforts, and his Motion for Withdrawal of Counsel now being moot pursuant to his amended order, is hereby dismissed.

Amended Order, 12/13/2017, at 1-2. On January 7, 2018, Colon filed a notice of appeal to this Court.[6]

In reviewing an appeal from the denial of PCRA relief, "this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Andrews**, 158 A.3d 1260, 1263 (Pa. Super. 2017) (citation omitted).

_____

[6] The issue of whether this Court has jurisdiction to review this matter pursuant to the 30-day rule under Pa.R.A.P. 903(a) (stating a "notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken") does not need to be resolved at this moment due to the necessity of the appointment of counsel, which will be discussed in more detail below. Nonetheless, we note the following: after the October 27, 2017, order, which disposed of Colon's PCRA claims, was entered, Colon filed a *pro se* motion for the appointment of new counsel approximately 14 days later. At that moment, Colon was still represented by his PCRA counsel and was awaiting a court decision with respect to his motion. His PCRA counsel never filed a notice of appeal from the October 27, 2017, order. Subsequently, Colon did file a timely *pro se* notice of appeal after the December 13, 2017, order, which removed counsel and required Colon to proceed *pro se*. Therefore, we will consider his notice of appeal timely filed due to the unique circumstances of this case, particularly Colon's request for the appointment of new counsel.

Preliminarily, we must determine whether this appeal is properly before us. "[A] criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*). *See also* Pa.R.Crim.P. 904(C) ("when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief").

Here, Colon filed an application to proceed *in forma pauperis* with his first *pro se* PCRA petition, and on May 16, 2017, the PCRA court entered an order finding him indigent and appointed PCRA counsel.[7]   Throughout these PCRA proceedings, Colon did not express an intent to proceed *pro se*.  Rather, he requested the appointment of new PCRA counsel several times, including before and after the October 27, 2017, PCRA order was entered.  *See* Motion for Withdrawal of Counsel Inter Alia Ineffective Assistance of Counsel (IAC), 7/26/2017; Motion for Withdrawal of Counsel Inter Alia Ineffective Assistance of Counsel (IAC), 11/10/2017.

The PCRA court, on its accord, removed PCRA counsel from representing Colon and ordered him to proceed *pro se*.  Indeed, PCRA counsel never filed

---

[7]   A review of the certified record does not indicate that the PCRA court revoked its finding of Colon's indigence.

- 7 -

a motion to withdraw as counsel, including adhering to the requirements of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). ***See also Commonwealth v. Freeland***, 106 A.3d 768, 774 (Pa. Super. 2014) (requirements for post-conviction counsel to withdraw from representation).

Consequently, the PCRA court erred when it entered the December 13, 2017, order, vacating the appointment and authorization of PCRA counsel. ***See*** Pa.R.Crim. 904(F)(2) ("When counsel is appointed, … the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, **including any appeal from** disposition of the petition for post-conviction collateral relief.") (emphasis added).

Therefore, we vacate the December 13, 2017, order, and remand for the appointment of counsel within 30 days of the filing of this decision for appeal purposes only. Once such an appointment is made, the PCRA court shall remit the certified record to this Court immediately. Newly appointed counsel shall enter an appearance with this Court. Lastly, we direct our Prothonotary to establish an appropriate briefing schedule.

December 13, 2017, order is vacated. Case remanded with instructions. Panel jurisdiction retained.