J-S73039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD S. MORGAN | : | |
| | : | |
| Appellant | : | No. 889 WDA 2018 |

Appeal from the PCRA Order May 21, 2018
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000991-2011

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                **FILED DECEMBER 20, 2018**

Appellant, Ronald S. Morgan, appeals from the order entered on May 21, 2018, granting in part and denying in part his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We remand to enable the PCRA court to conduct a *Grazier* hearing and determine whether Appellant knowingly, voluntarily, and intelligently waived his right to a counseled PCRA appeal. *Commonwealth v. Grazier*, 713 A.2d 81, 82 (Pa. 1998).

As we previously explained:

> Following a three-day jury trial in May 2013, Appellant was convicted of two counts of involuntary deviate sexual intercourse (IDSI), one count each of statutory sexual assault, aggravated indecent assault, and indecent assault, 104 counts of sexual abuse of children (photographing/videotaping/depicting on computer or filming sexual acts), 104 counts of sexual abuse of children (viewing/possessing child pornography), one count each of

endangering the welfare of children and corruption of minors, and two counts of misdemeanor possessory drug offenses. With the exception of the drug convictions, all convictions involved offenses committed against the daughter (victim) of one of Appellant's friends, beginning when the victim was approximately eleven or twelve and continuing until she was fifteen.

[On February 19, 2014,] Appellant was sentenced to an aggregate term of not less than 182 months and not more than 364 months in prison. He also was determined to be [a sexually violent predator].

**Commonwealth v. Morgan**, 135 A.3d 661 (Pa. Super. 2015) (unpublished memorandum) at 1-22.

We affirmed Appellant's judgment of sentence on December 17, 2015; Appellant did not file a petition for allowance of appeal with our Supreme Court. **Id.**

On January 12, 2017, Appellant, through his counsel, Martin A. Dietz, Esquire (hereinafter "Attorney Dietz"), filed a timely PCRA petition. On August 25, 2017, the PCRA court held a hearing on the petition and, on May 21, 2018, the PCRA court entered an order granting in part and denying in part the petition. Specifically, the PCRA court granted Appellant relief on his illegal sentencing claim; thus, the PCRA court vacated Appellant's judgment of sentence and remanded for resentencing. PCRA Court Order, 5/21/18, at 1. However, the PCRA court denied Appellant's petition in all other respects.[1] **Id.**

---

[1] An order granting in part and denying in part all issues raised in a PCRA petition is a final order for purposes of appeal. **Commonwealth v. Watley**, 153 A.3d 1034, 1039 n.3 (Pa. Super. 2016), citing **Commonwealth v. Gaines**, 127 A.3d 15, 17-18 (Pa. Super. 2015) (en banc) (plurality).

Even though Attorney Dietz was still counsel of record, Appellant filed a timely, *pro se* notice of appeal on June 12, 2018. Then, on June 22, 2018, Attorney Dietz filed a petition to withdraw his appearance, where he claimed that the court must permit him to withdraw because of "an irreconcilable conflict of interest between [Appellant] and [Attorney Dietz]." Attorney Dietz's Petition to Withdraw, 6/22/18, at 1-2.

The PCRA court granted Attorney Dietz's petition to withdraw on June 25, 2018; however, the court did not appoint another attorney to represent Appellant during the appeal and it did not conduct a **Grazier** hearing to determine whether Appellant knowingly, voluntarily, and intelligently waived his right to a counseled PCRA appeal. Appellant then filed a *pro se* Rule 1925(b) statement of errors complained of on appeal and a *pro se* appellate brief.

Within the PCRA court's Rule 1925(a) opinion, the PCRA court acknowledges that it erred when it failed to conduct a **Grazier** hearing. PCRA Court Opinion, 8/6/18, at 4. We agree and thus remand the case to the PCRA court.

A post-conviction petitioner has a rule-based "right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*); **see also** Pa.R.Crim.P. 904(C). To protect this right, we have held that "in any case where a defendant seeks self-representation

in a PCRA proceeding and where counsel has not properly withdrawn," the PCRA court must hold a *Grazier* hearing to determine whether "the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent." *Id.* at 456 and 459. As the *Robinson* Court held, this demands that the PCRA court hold an on-the-record colloquy with the petitioner and, "at a minimum . . . elicit the following information from" the petitioner:

> (a) that the [petitioner] understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the [petitioner] is indigent;
>
> [(b)] that the [petitioner] understands that if he or she waives the right to counsel, the [petitioner] will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
>
> [(c)] that the [petitioner] understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
>
> [(d)] that the [petitioner] understands that, in addition to defenses, the [petitioner] has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the [petitioner], these errors may be lost permanently.

*Id.* at 459-460; Pa.R.Crim.P. 121(A)(2).

No such colloquy occurred in this case and, thus, there has been no showing that Appellant "knowingly, voluntarily, and intelligently" waived his right to counsel. *Robinson*, 970 A.2d at 460; *Commonwealth v. Davido*, 868 A.2d 431, 437-438 (Pa. 2005) ("it is up to the trial court, not counsel, to

ensure that a colloquy is performed if the defendant has invoked his right to self representation").

Further, even though Appellant has not challenged his *pro se* status on appeal, we have an obligation to *sua sponte* raise and address this issue. As we held in **Commonwealth v. Stossel**, where a first-time PCRA petitioner fails to properly waive his right to counsel, "this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." **Commonwealth v. Stossel**, 17 A.3d 1286, 1290 (Pa. Super. 2011).

We therefore remand so the PCRA court may conduct a **Grazier** hearing forthwith and determine whether, during this PCRA appeal, Appellant knowingly, voluntarily, and intelligently has requested waiver of his right to counsel. If Appellant does not wish to waive this right, the PCRA court must then determine whether Appellant is entitled to court-appointed counsel or whether Appellant can afford to engage counsel at his own expense. Further, if Appellant does not wish to waive his right to counsel, the PCRA court must permit counsel to file a supplemental Rule 1925(b) concise statement and the PCRA court must then address those issues in a supplemental Rule 1925(a) opinion.

Case remanded for proceedings consistent with this memorandum decision. Panel jurisdiction is retained.