J-S66020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWIN DOLORES QUILES | : | |
| | : | |
| Appellant | : | No. 928 EDA 2019 |

Appeal from the PCRA Order Entered September 26, 2018
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000531-2013

BEFORE: STABILE, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                **FILED JANUARY 10, 2020**

Appellant Edwin Dolores Quiles appeals *pro se* from the order dismissing his first timely Post Conviction Relief Act[1] (PCRA) petition. We remand this case for the PCRA court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), because the record does not reflect that the PCRA court granted PCRA counsel, Ashley Zimmerman, Esq., permission to withdraw.

This Court set forth the factual history of this case as follows:

> On October 24, 2013, Appellant and his co-defendant pulled into a gas station in Pike County, Pennsylvania. Appellant went into the gas station, while his co-defendant made a pre-arranged sale of heroin to an undercover member of the Pike County Detective's Office. Following the controlled buy, Police Officer Joseph Ostrom entered the gas station and placed Appellant under arrest, while other officers took his co-defendant into custody.

---

[1] 42 Pa.C.S. §§ 9541-9546.

Officers transported Appellant to the Pike County Detective Bureau Office, where Chief Detective Michael Jones and Officer Ostrom interviewed Appellant. At the beginning of the interview, which was conducted in English, Chief Detective Jones advised Appellant of his rights pursuant to *Miranda*. Appellant acknowledged his rights, signed a written waiver of those rights, and spoke with Chief Detective Jones and Officer Ostrom. Appellant also signed written consent forms for the search of his automobile and his cellular phone.

Appellant was arrested and charged with two counts of delivery of a controlled substance, one count of criminal conspiracy to deliver a controlled substance, and related possession charges. Appellant filed a motion to suppress, seeking to suppress statements he gave to investigators and the evidence the investigators recovered in his phone and car on the grounds that he did not sufficiently understand English and was under the influence of heroin at the time he waived his rights and consented to the search.

The trial court held a hearing on the motion, at which Chief Detective Jones, Officer Ostrom, and Appellant testified. The trial court denied the motion.

Appellant proceeded to a jury trial, and the jury convicted him of two counts of delivery of a controlled substance, and one count of criminal conspiracy to deliver a controlled substance.

On March 12, 2015, the trial court sentenced Appellant to an aggregate term of nine to thirty years of imprisonment.

*Commonwealth v. Quiles*, 166 A.3d 387, 389 (Pa. Super. 2017) (footnote and some formatting altered).

Appellant timely appealed, and this Court, on June 23, 2017, affirmed Appellant's convictions but vacated his judgment of sentence and remanded for resentencing and for determination of his Recidivism Risk Reduction Incentive (RRRI) eligibility. *Id.* at 395. The trial court resentenced Appellant on February 8, 2018, to an aggregate sentence of nine to thirty years'

imprisonment and found Appellant was eligible for a RRRI sentence of eighty-one months.

On February 20, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Lindsay Collins, Esq., as PCRA counsel. Attorney Collins filed a motion to withdraw, which the PCRA court granted on April 9, 2018. That same day, the PCRA court appointed Attorney Zimmerman as Appellant's new PCRA counsel. On May 7, 2018, Attorney Zimmerman filed an amended PCRA petition.

On May 15, 2018, the trial court, *sua sponte*, issued an amended sentencing order that reiterated the nine to thirty year aggregate sentence of imprisonment but stated that Appellant was eligible for an RRRI minimum sentence of ninety months. Order, 5/5/18. The order was served on, among others, Attorney Zimmerman. None of the parties challenged the trial court's authority to issue an amended sentencing order.

The PCRA court held an evidentiary hearing on August 31, 2018.[2] On September 26, 2018, the PCRA court denied Appellant's PCRA petition. On

_____

[2] The transcript of the evidentiary hearing was not transmitted to this Court as part of the certified record. We remind the parties that they "have a duty to take steps necessary to assure that the appellate court has a complete record on appeal, so that the appellate court has the materials necessary to review the issues raised on appeal. Ultimate responsibility for a complete record rests with the party raising an issue" on appeal. Pa.R.A.P. 1921 cmt. Upon informal inquiry with the PCRA court, the PCRA court advised this Court that it did not possess the transcript. The PCRA court is directed to transcribe

October 15, 2018, the PCRA court timestamped Appellant's *pro se* notice of appeal. Unfortunately, the PCRA court did not docket Appellant's *pro se* notice of appeal. As a result, Appellant filed a second *pro se* notice of appeal, which the PCRA court docketed on March 11, 2019. On April 9, 2019, the PCRA court issued an order instructing Appellant to comply with Pa.R.A.P. 1925(b), which the PCRA court served on Appellant, but not Attorney Zimmerman. Appellant timely filed his *pro se* Rule 1925(b) statement.

On June 20, 2019, this Court issued a rule to show cause why Appellant's appeal should not be quashed due to an apparent untimely appeal from the PCRA court's September 26, 2018 order. Appellant filed a response enclosing his *pro se* October 2018 notice of appeal, but did not enclose any proof of mailing. As a result, this Court quashed Appellant's appeal on September 20, 2019.

On October 7, 2019, Appellant filed a *pro se* application for reconsideration of this Court's September 20, 2019 order. Appellant's application attached proof of mailing of his October 2018 notice of appeal. Meanwhile, the PCRA court also transmitted a supplemental record to this Court on August 20, 2019, enclosing Appellant's timestamped October 2018 notice of appeal, which the PCRA court stated was inadvertently omitted from

---

and send the transcript of the August 31, 2018 PCRA evidentiary hearing to this Court within forty-five days.

the docket. As a result, on October 11, 2019, this Court vacated its quashal and reinstated Appellant's appeal as timely filed on October 15, 2018. Appellant filed a *pro se* appellate brief with this Court, and the Commonwealth filed a responsive brief.

Initially, "Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to at least one meaningful opportunity to have issues reviewed, at least in the context of an ineffectiveness claim." *Commonwealth v. Karanicolas*, 836 A.2d 940, 945 (Pa. Super. 2003) (citation and some formatting omitted). Therefore, for the petitioner's first PCRA petition, the Rules of Criminal Procedure and our case law require a full colloquy prior to allowing a petitioner to proceed *pro se* if counsel has not filed a *Turner*/*Finley*[3] letter and petition to withdraw. *See* Pa.R.Crim.P. 121(A); *Grazier*, 713 A.2d at 82; *Commonwealth v. Robinson*, 970 A.2d 455, 460 (Pa. Super. 2009) (*en banc*) ("a colloquy [under Pa.R.Crim.P. 121(A)] must be held by the PCRA court of its own accord . . . once the defendant has expressed a desire to proceed *pro se* as long as PCRA counsel has not properly withdrawn by complying with the dictates of *Turner*/*Finley*"). "When a waiver of the right to counsel is sought at the post-conviction and appellate

---

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." **Grazier**, 713 A.2d at 82.

Because the record (1) does not reflect Attorney Zimmerman filed a motion to withdraw before the PCRA court or this Court, and (2) does not include a transcript of a **Grazier** hearing, we remand to the PCRA court for a **Grazier** hearing as to whether Appellant's decision to proceed *pro se* in this appeal is knowing, intelligent, and voluntary. The PCRA court shall hold the **Grazier** hearing and enter its decision within forty-five days of the date of this decision. Should Appellant not wish to proceed *pro se*, the PCRA court may permit Attorney Zimmerman to represent Appellant on appeal, or appoint new PCRA counsel. The PCRA court must also send the transcript of the August 31, 2018 PCRA evidentiary hearing to this Court within forty-five days.

Case remanded for further proceedings in accordance with this memorandum. Panel jurisdiction retained.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/20